Peter Richard Kenrick, Appellant, *vs.* George B. Cole, Executor of Mary L. Lamarque, *et al.*, Respondents.

1. *Mortmain—Constitution—Will, probate of—Rejection of clause in—Failure to try issues touching other clauses—Parol testimony showing bequest to be for benefit of church.*—Prior to the adoption of the Constitution of 1865, a will was framed containing a bequest to "Peter Richard Kenrick, archbishop of Missouri," and after the adoption of that instrument the clause was altered so that the bequest by its terms was to "Peter Richard Kenrick." The will was admitted to probate, except this clause, which was rejected, and from the action of the probate court appeal was taken by the devisee. It appeared from parol testimony that the bequest was made in both instances with the same intent, viz, for the benefit of the Roman Catholic Church, and that its phraseology was altered lest it might be annulled under the provision of the constitution touching devises to religious sects. (Art. I, § 13.) *Held*, 1st, that as the devisee was not prejudiced in his rights thereby, he could not complain that the whole will was not admitted to probate ; 2d, that the provision of bequest in the second will was an attempt to evade the prohibition of the constitution, and therefore a fraud upon the policy of the law, and hence, 3d, that parol testimony showing such intent and purpose was competent.

2. *Wills—Bequest made in evasion of law—Parol testimony as to intent and purpose of bequest.*—Parol testimony is proper to show that a bequest absolute on its face is in fact made in trust, when the trust is in violation of the policy of the law, and the bequest is made absolute in terms in order to evade the law.

*Appeal from St. Louis Circuit Court.*

*A. J. P. Garesche*, for Appellant.

I. The proceedings in the circuit court are in the nature of an appeal from the probate court and a trial *de novo* ; hence the issue and the final judgment must be the same. (Wagn. Stat., 1368, § 29; Harris vs. Hays, 53 Mo., 94.) Therefore in the probate court the whole will must be probated, though there are objectionable clauses in it. (Dayton's Surrogate, p. 58; Redf. Wills, § 4, p. 51, vol. 3 ; Lorieux vs. Keller, 5 Iowa., 201; 10 Rich., S. Car., p. 193.)

II. At all events the evidence of a secret trust should have been excluded, because declarations cannot vary the express terms of the will. (Claggett vs. Hall, 9 Gill. & J., 92; Dickenson vs. Dickenson, 2 Murph., 279 ; Avery vs. Chappell, 6 Conn., 274; Bonner vs. Storm, 1 Sandf. Ch. R., 361; Judy vs. Williams, 2 Ind., 449 ; Gifford vs. Dyer, 2 R.

I., 90 ; Sparks vs. De la Guarra, 14 Cal., 110. Davis vs. Davis, 8 Mo., 58 ; Cowgill vs. Gregory, 19 Mo., 416 ; Gibson vs. Gibson, 24 Mo., 227 ; Cawthorn vs. Haynes, 24 Mo., 236 ; Bradley vs. Bradley, 24 Mo., 316; Tingley vs. Cowgill, 48 Mo., 296 ; Goode vs. Goode, 22 Mo., 524 ; Negro, Cæsar, vs. Chew, 7 Gill. & J., 130 ; Stephen vs. Walker, 8 B. Mon., 603.) And as it here refers to land, such a trust, if not in writing, must at least be proved by written testimony. (Lane vs. Ewing. 31 Mo., 75.)

III. Mere words of recommendation are not imperative, and hence, even if the alleged trust had been declared they would not invalidate the devise, because not binding on the devisee. (Pennock's Est., 20 Pa., 280 ; Lane vs. Ewing, 31 Mo., 87.)

IV. The plaintiff, even upon proof made by defendants, was entitled to recover. Paragraph 9, Art., 1 of the Constitution guarantees freedom of worship and liberty of conscience, hence, § 13, Art. I., was intended only to restrain perpetuities. (Thompson vs. Newlin, 8 Ired. Eq., 41 ; Lomax vs. Ripley, 3 Smals & Gifford, 78.)

V. Finally, even if the bequest be fraudulent, respondents no more than Mary Lamarque can invoke equity to set it aside. (Ober vs. Howard, 11 Mo., 427.)

*Glover & Shepley*, for Respondents.

I. The 10th clause of the will rejected by the county court and which is sought to be probated in this proceeding, was made upon a secret trust between the testatrix and Archbishop Kenrick, as such, for the use and benefit of the church in violation of law, and was void. (Const. Mo., Art. I, § 13.)

Under similar provisions of law, prohibiting certain classes of trusts, the trusts when created, and the estates upon which they have been engrafted, have always been held void as against the heirs of the devisor or other interested parties.

It is contended here, that though the trust is void the devisee can hold the property to his own use. But if this was allowed the prohibiting law would be a nullity. It would

place the property in the possession of the church in defiance of the constitution. (Boron vs. Statham, 1 Eden, 508; Muckleton vs. Brown, 6 Ves., 52; Strickland vs. Aldridge, 9 Ves., 516; Paine vs. Hall, 18 Ves., 475; Edwards vs. Pike, 1 Eden, 267; Russell vs. Jackson, 10 Hare, 204; Barrow vs. Green, 3 Ves., 152.)

Bishop Kenrick expressly assented and agreed to use this devise for an illegal, unconstitutional purpose. That made the devise to him void. (McLean vs. Wade, 41 Pa. St., 266; Miller vs. Porter, 52 Pa. St., 292; Price vs. Maxwell, 28 Pa. St., 23.)

II. The 10th clause being null and void, it should not be probated. (Redf. Law of Wills, [Part 2, Legacies and Executors] t. p. 43; Barton vs. Robbins, 3 Phil., 455, note b.; Beale vs. Plume, 1 P. Will., 388; Allen vs. McPherson, 1 H. L., 191; Billinghurst vs. Vickers, 1 Phil., 187; Hill vs Burger, 10 How. Pr., 264.)

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding by the plaintiff to establish the tenth clause of the will of Mary L. Lamarque, deceased. It seems that when the will was originally presented to the probate court all the other clauses were duly probated, but the tenth was rejected as being illegal and void. The validity of that clause is now the question presented for our determination. It reads as follows, to-wit:

"10. All the remainder, rest and residue of the estate, real, personal and mixed, whereof I shall die seized, entitled or possessed, including herein also everything which, though herein disposed of, may by lapse, or other failure in intendments of law, be regarded as undisposed of, I give, bequeath and devise to Peter Richard Kenrick, of the city and county of St. Louis, Missouri, constituting him my residuary legatee."

The court below refused to establish the clause, and found for the defendants on the ground that the bequests and devises contained therein were made contrary to the constitution

of this State, forbidding "any gift, bequest or devise for the support, use or benefit of any minister, public teacher or preacher of the gospel as such, or to any religious sect, order or denomination."

The evidence in the case shows that, prior to the making of the present will, the testatrix made another will containing a devise to Peter Richard Kenrick in his official capacity as archbishop of the Roman Catholic church, for the benefit of the church. After the adoption of the constitution of 1865 the prior will was canceled, and the present will was made, containing the tenth clause, in favor of Peter Richard Kenrick as an individual, but with the same intent as expressed in the former will.

About this there is no controversy. Mr. Fox, who was the pastor of the testatrix, and who made out the memoranda at her request, for drafting the will now in controversy, says, that the intention of the testatrix in making Peter Richard Kenrick her residuary legatee was the same as when she bequeathed him a certain amount in her former will, as archbishop of St. Louis; that while she gave the legacy to him absolutely, it was well known that she would not have made him her residuary legatee if he had not been the archbishop of St. Louis, and a Catholic clergyman. The witness further testified, that, in answer to a letter he wrote to the archbishop in reference to the will of the testatrix, the archbishop said that he would accept of any bequest she might make him, and he would act in a manner congenial to her wishes and suggestions.

Mr. Garesche testified for the plaintiff, that he drew both wills, and that after the adoption of the constitution of 1865, fearing that the provisions of the former will would be annulled, so far as its residuary clause was concerned, he notified testatrix that it would be better to change it. An interview then followed between him and Father Fox before anything was done, and he told him that the will in its then shape would give rise to litigation; that, of course, a Catholic priest or archbishop would be bound to administer the

property to Catholic uses and for charitable purposes, and be bound in conscience to do good with it, and he therefore advised, if the testatrix had confidence in the archbishop, that she should revoke the first will and make a new one, giving the legacy to him absolutely, divested of every trust; that he knew her wishes in respect to its disposition, but she would have to trust unreservedly to him.

Peter Richard Kenrick was sworn in his own behalf, and he testified that he made no definite promise to the testatrix of any kind; that he did say to Father Fox that he would carry out her desires as expressed in the former will; that he recollected the purposes for which the bequests were made in the former will, and that his conversation with Fox was to secure the bequests from the operation of the new constitution; that he did say that he would carry out her intentions, and if he could obtain the property he would do so.

Upon this evidence the court found that the tenth clause was made for an illegal purpose and with the intent to evade the prohibitions of the constitution.

It is first argued here for the appellant, that the proceeding in the circuit court is in the nature of an appeal from the probate court, and requires a new trial of all the issues, and that in the probate court the whole will should be passed upon, though there might be objectionable clauses. There is no direct precedent bearing upon the question in this State. Redfield says that it is customary in the English practice to exclude portions of the will from probate, when they do not legitimately belong to the instrument, as for instance, where they are illegal or fraudulent, and he is of the opinion that there is no reason why the same course should not be pursued here. (3 Redf. Wills, 2 ed., 52, pl. 2.)

Be that as it may, so far as the plaintiff is concerned there is nothing in the point, for he now comes into court seeking to establish this tenth clause, and that is the only thing put in issue, and he has the full benefit of every question bearing upon it. No adjudication made upon the rest of the will has the least tendency to prejudice his rights, and he has been

permitted to introduce the same evidence and make the same defense that he would have done had the whole will been before the court. But as a question of plain, practical common sense, it is not easy to perceive why a void clause in a will should be probated in order that another proceeding should be instituted to annul it. The court by its verdict has found, as a matter of fact, that the testatrix made her bequest to the plaintiff for the purpose of evading the policy of the law as shown in the constitutional restrictions. But it is objected that parol testimony is inadmissible to show the intentions of the testatrix and the legatee, where its effect would be to vary the terms of the written instrument; that an absolute devise or bequest in a will cannot be changed into a trust by extrinsic evidence. This objection is founded upon a wrongful application of a well-known rule of law. It is competent to attack every written instrument for fraud, and that fraud may be shown by parol testimony. A fraud upon the policy of the law, like all other frauds, may be shown, and will be set aside. An evasion of the law is a fraud upon its policy. It is an attempt to do indirectly what is directly forbidden. This case is a good illustration. It is contended that the plaintiff, as devisee, can hold the property to his own use. But he frankly says that if he obtains the property he will carry out the wishes of the testatrix. If this were allowed, the prohibiting law would be a nullity. It would place the property in possession of the church in defiance of the constitution. Courts have always intervened to prohibit such practices, and to prevent such evasions of the law.

But it is unnecessary to pursue this question further, as the same point has been fully discussed at the present term in *In re* Schmucker Estate, *post*, p. 592, to which reference is made, and which is decisive of this case.

The judgment must be affirmed. The other judges concur except Judge Vories, who is absent.