VAN PRETRES, *Plaintiff in Error*, v. COLE, *Executor of Lamarque.*

1. **A Will Construed**: MEANING OF "LAPSE." A will contained the following clause: "I give, bequeath and devise to my niece, Mary Bolduc, the sum of $6,000, and also the tract of land and house on and in which I now reside, together with all of the furniture and household property, inclusive of linen, plate, jewels, pictures, books and so forth, as the same may be found at my death. But should she not survive me, or should she die, leaving no heirs of her body, then, in either such case, this bequest and devise is to lapse, and go to my residuary legatee hereinafter named. And it is so to lapse if she fail to have issue of her body, whether she should or should not survive me." M. B. survived the testatrix. *Held*, that the word "lapse" was not used in its strict technical sense of "non-vest," so as to prevent the taking effect of the devise until the death of M. B. leaving issue, or at least until the birth of issue, but was used in a sense broad enough to designate the falling in of the estate either in the event that M. B. should not survive the testatrix or upon the happening of the limitation or condition subsequent, viz: the death of M. B. without leaving issue. *Held*, therefore, that M. B.'s estate vested immediately upon the death of the testatrix.

2. **Will**: ESTATE. If a devise over after a particular estate be void at law, the first taker will take the whole estate.

*Error to Washington Circuit Court.*—HON. LOUIS F. DINNING, Judge.

AFFIRMED.

*W. H. H. Thomas* for plaintiff in error.

1. The intention of the testator, as collected from the entire will, must prevail. Williams on Ex., 925, note 1.

The testator is always presumed to use the words in which he expresses himself according to their strict and primary acceptation, unless from the context of the will it appears that he used them in a different sense; in which case the sense in which he thus appears to have used them will be the sense in which they are to be construed. Williams on Ex., 925, note 1. Where there is nothing in the context of a will from which it is apparent that a testator has used the words in which he has expressed himself in any other than their strict and primary sense, and where his words so interpreted are sensible with reference to extrinsic circumstances, it is an inflexible rule of construction that the words of the will shall be interpreted in their strict and primary sense, and in no other, although they may be capable of some popular or secondary interpretation, and although the most conclusive evidence of intention to use them in such popular and secondary sense is tendered. Williams on Ex., 925, note 1. When a testator uses technical words he is presumed to employ them in their legal sense, unless the context clearly indicates the contrary. Williams on Ex., 925, note 1.

2. The word "lapse" has a strict primary and well-defined meaning, which is defined by all law-writers to be the non-vesting of an estate by reason of the death of the beneficiary before the testator's death, or before any other condition precedent to the taking effect of the legacy or devise is performed. Williams on Ex., 1036; 2 Redfield on Wills, 157; Bouv. L. Dic. tit. "Legacy Lapsed." And Mrs. Lamarque having used the word lapse in her will is presumed to have used it in this sense, unless it clearly appears from the context that she intended to use it in a different sense. The conditions upon which the legacy and devise in the third clause of Mrs. Lamarque's will were given to Mary Bolduc never having been performed, the legacy and devise thus given did not vest, or according to the terms of the will lapsed, and the executor having paid

the legacy to Mary Bolduc before it vested in her is liable over to the heirs.

3. Even, however, if the legacy given to Mary Bolduc was given upon a condition subsequent, still the executor is liable over to the heirs, because he occupied the position of a trustee, and stood as the representative of all the parties having interests, whether vested or contingent, in the estate; and when he paid the legacy to Mary Bolduc he should have required her to give bond to refund the money upon the failure of the condition.

4. A testator has the right to annex to a gift of personal property a condition either pecedent or subsequent. *Halbert v. Halbert*, 21 Mo. 277. Nor does the use of the words " die without issue," render the condition void. The common law definition of these words has been modified and their meaning fixed by statute in Missouri. R. S. 1879, § 3942.

*Geo. D. Reynolds* and *William S. Relfe* for defendant in error.

1. Aside from other clauses of the will, we contend that the third does not show that the intention of the testator was that the estate should not vest until the death of her niece leaving issue. (*a*) The first sentence of this clause is a complete, absolute devise and gift. It is a whole sentence, complete in itself, ended by a period. There is no condition, qualification or limitation whatever in it. Its effect was to convey to Mary the land in fee and the personalty absolutely. 2 Redfield on Wills, (3 Ed.) *313, p. 336; *Harper v. Blean*, 3 Watts 471; *Nitzell v. Paschall*, 3 Rawle 76; *Russell v. Elden*, 15 Me. 193; R. S. 1879, § 4004. The words of this section of our statute providing that " no further devise be made * * to take effect after the death of the devisee," do not change the rule in this case, for the reason that no legal, valid devise ever has been made in this case. (*b*) The title thus conveyed could

not be taken away by subsequent clauses. *Wyld v. Lewis*, 1 Atkyns 432; *Green v. Harvey*, 1 Hare 429.

2. The condition attached to the gift of the personalty is void for inconsistency and repugnancy. *Bradley v. Peixoto*, 3 Ves. Jun. 324; *Ross v. Ross*, 1 Jac. & Walker 153; *Flanders v. Clark*, 1 Ves. Sen. 9; *Green v. Harvey, supra; McLachlan v. McLachlan*, 9 Paige 534; 2 Williams on Executors, (5 Ed.) *1138, 1139; 4 Kent Lect., (11 Ed.) 57, § 131.

3. The devise over to Archbishop Kenrick being void (*Kenrick v. Cole*, 61 Mo. 572), the law would not allow it to take effect. Hence the interest in Mary, the first taker, remained unaffected by the condition. Part 2, Redfield on Wills, chap. 14, § 65, pp. 646, 647, 648, sub-div. 9 and 10.

4. The common law prevails in this State in the construction of wills, where not controlled by statute, and we have no statute applicable to wills which changes the meaning placed by the common law on the words "dying, leaving no issue." They mean an indefinite failure of issue. Section 3942, Revised Statutes of 1879, relates to interests by deed, not by will. The language of the section is, "Where a remainder in lands      *      *      shall be limited, by deed or otherwise, to take effect." "Otherwise," on the maxim, *ejusdem generis*, does not extend to wills. Hence, also, Mary Bolduc took an absolute interest, and the limitation over was void. 2 Roper Legacies, (2 Am. Ed.) p. 1526, and cases cited in notes m, n, o; *Patterson v. Ellis*, 11 Wend. 259. Our statute differs from that of New York, which extends to remainders, whether created by deed or by will. See p. 12, vol. 3, Banks & Bros., 5 Ed. Rev. Stat. N. Y., § 22. It is also unlike the Stat. 1 Vict. c. 26, which provides that in any devise or bequest of real or personal estate, the words "die without issue," etc., shall not mean an indefinite failure of issue. See 2 Roper on Legacies, (2 Am. Ed.) p. 1526, *1527.

5. If plaintiff's construction of the third clause is correct, then Mary took nothing, and was the only one of

the relatives of the testatrix unprovided for. She would not be entitled to the use of the homestead, to the family plate and household goods, nor to any interest on the money, but would have been turned out upon the world a houseless pauper. Yet of all the relatives she alone, a maiden lady then forty years old, had lived with her aunt from childhood, had been raised by her, treated as a child. Well might she claim that the legacy had been given by one who put herself *in loco parentis*—the intent to do this is apparent from the whole will—and so claiming she is then entitled to the use of the money and goods as a child would have been. *Corbin v. Wilson*, 2 Ashmead (Pa.) 178.

HOUGH, J.—Marie L. Lamarque died in 1868, leaving a will, the third clause of which is as follows: "I give, bequeath and devise to my niece, Mary Bolduc, the sum of $6,000, and also the tract of land and house on, and in which I now reside, together with all of the furniture and household property, inclusive of linen, plate, jewels, pictures, books and so forth, as the same may be found at my death. But should she not survive me, or should she die leaving no heirs of her body, then, in either such case, this bequest and devise is to lapse, and go to my residuary legatee hereinafter named. And it is so to lapse if she fail to have issue of her body, whether she should or should not survive me." Mary Bolduc died in 1872, leaving no heirs of her body. The executor paid the $6,000 to Mary Bolduc, and the heirs now seek to have him charged with that sum in his final settlement, on the ground that the legacy never vested in her.

It is contended, on behalf of the plaintiff in error, that the word "lapse," in the clause of the will above quoted, 1. A WILL CON- was used by the testatrix in its legal and STRUED: meaning of "lapse." technical sense, and that as Mary Bolduc died without issue, the property mentioned never vested in her, and as the devise over to the residuary legatee was pronounced void by this court in the case of *Peter Richard*

*Kenrick v. Cole, Exr.*, 61 Mo. 572, the property goes to the heirs. An ingenious and plausible argument has been made in support of this view, but a careful consideration of the phraseology of the clause in question, has satisfied us that this view is rather specious than sound. It is impossible to resist the inference that the testatrix, by making a bequest and devise to her niece, Mary Bolduc, unconnected with any trust or other limitation as to the use thereof, intended to make some provision for her, which might, by possibility, be capable of vesting in her, and be susceptible of enjoyment by her, at some time. If her sole purpose had been to give the property mentioned to the heirs of the body of her niece, it is to be presumed that the devise and bequest would have been made directly to such heirs, and not to their mother. Taking then the words: " I give, bequeath and devise to my niece, Mary Bolduc," as indicating an intention on the part of the testatrix that Mary Bolduc should, in some contingency, become in fact a devisee and legatee of the property mentioned, let us see how this purpose would be affected by confining the word "lapse," in the succeeding sentence to its usual legal technical signification.

It is quite obvious that so far as the first member of this sentence is concerned, viz : " But should she not survive me," the word " lapse " can be given its technical meaning without defeating the purpose we have just ascribed to the testatrix.

But let us consider this word in connection with the second member of the sentence, and in order thereto, let us bring them in juxta-position, thus : " But should Mary Bolduc die, leaving no heirs of her body, then this bequst and devise to her is to lapse and go to my residuary legatee." That is, (giving to the word "lapse" the technical meaning of *non-vest*, which the plaintiff in error insists it should receive,) the bequest and devise to Mary Bolduc shall not vest in her until she shall die and leave heirs of her body. Or, to state the matter in another form, the

proposed construction of the word " lapse " would make the testatrix go through the useless formality of making a devise and a bequest to her niece, which in the same clause she declares shall never vest in her.   Such a construction would be manifestly absurd.

To avoid this absurd conclusion the counsel for the plaintiff suggest that the meaning of the words " should she die leaving no heirs of her body," may be qualified by the last sentence in the clause of the will we are now considering, which is as follows:   "And it is so to lapse, if she fail to have issue of her body, whether she should or should not survive me."   This sentence, it is argued, may be regarded as showing that it was the purpose of the testatrix that the estate should vest whenever Mary Bolduc had issue.   If this sentence stood alone, such a construction might be supported.   But as the phrase, "should she die leaving no heirs of her body," can in no possible view be regarded as either ambiguous or elliptical, and as all parts of the clause should be so construed, if possible, as to harmonize and consist with each other, such a construction cannot be given to the last sentence.   That sentence, as is evident from the use of the words " so to lapse," refers to the preceding one, and is to be interpreted by it.   So interpreted, the words " if she fail to have issue of her body," must be held to be synonymous with the corresponding words of the preceding sentence, and as meaning " if she fail to have issue of her body, living at her death."

To give to the word " lapse " the meaning contended for by the appellant, would, in our opinion, contravene the obvious intention of the testatrix and annul a clear, complete and unquestionable bequest and devise to Mary Bolduc.   We think this word was employed by the testatrix in a sense broad enough to designate either the falling in of the estate in the event her niece should not survive her, or the falling in of said estate upon the happening of the limitation or condition subsequent, viz: the death of her niece without issue living:   The technical signification of

the word would be sufficient to correctly characterize the first event, but in view of the other parts of the clause a broader and more comprehensive signification must be given to it to make it accurately describe the latter. This larger meaning is equally applicable to both events, and because the more restricted meaning is sufficient for one event, it does not follow, as argued by the appellant, that the word should have the restricted meaning also when applied to the other event.

As in our opinion the property mentioned in the clause under consideration vested in Mary Bolduc on the death 2. WILL: estate. of the testatrix, and as the residuary legatee has been adjudged incompetent to take, Mary Bolduc took the whole estate freed from the executory devise over. 2 Redfield on Wills, (3 Ed.) p. 264, § 17, par. 8, 9, 10. The judgment of the circuit court will be affirmed. The other judges concur.