(82 South. 432)

STEARNS v. DUNN.   (3 Div. 402.)

(Supreme Court of Alabama.   June 12, 1919.)

WILLS ☞856—CONSTRUCTION — "LAPSE" OF DEVISE.

Under a will devising realty to two daughters for life, and providing that should a devise "lapse or fail" for any reason the whole amount of the property named for the benefit of either should vest in her child or children, *held* that property devised to one of the daughters for life, she having survived testator, was devised in remainder to her child, and passed to the child in fee simple on the death of the mother; "lapse" having been used in the sense of a falling in of the mother's life estate by her death after it had vested.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Lapse.]

Appeal from Probate Court, Conecuh County; S. P. Dunn, Judge.

Petition by M. N. Dunn, as guardian of Irene Cobbs, a minor, to secure confirmation of private sale by the guardian jointly with another of realty alleged to be the joint property in equal parts of the minor and such other, J. B. Stearns, as guardian ad litem for the minor, contesting. From an order confirming the sale, the guardian ad litem appeals. Reversed and rendered.

Petition by M. N. Dunn as guardian of Irene Cobbs, a minor, to secure a confirmation by the probate court of a private sale made by said guardian jointly with Mrs. Katie E. Bowles Frink, of certain real estate alleged to be joint property in equal parts of said minor and said Mrs. Frink.   J. B. Stearns, as guardian ad litem for said minor contests the petition on the ground that said Mrs. Frink has in fact no interest in said property which is owned solely by said minor, and that it would not be to her interest to confirm the sale. The question of the minor's ownership, whether joint or sole, depends upon the proper construction of the terms of the will of P. D. Bowles, deceased. Item 2 of the will devises certain realty to the testator's married daughter Mrs. Katie E. Bowles Frink, for life; and item 3 devises certain realty to another married daughter, Mrs. Mary E. Bowles Cobbs, for life. Item 5 gives to a sister of the testator a pecuniary legacy, payable $10 per month, and declares:

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"In the event the same should lapse by death before all of said money is paid out then the remainder shall revert to my residuary estate."

Item 6 is as follows:

"Should any of the gifts and bequests made by me in the second, third, fourth and fifth paragraphs of this will lapse or fail for any reason, then the whole amount of property named therein for the benefit of either of my daughters shall vest in her child or children and in the event there is no surviving child then to her surviving sister and in the event that the two daughters above named die without any surviving child then all of the real estate lying and being in Hillsboro county, state of Florida, shall vest in fee to the trustees of the Children's Home located on Florida Ave. on the outskirts of the city of Tampa, lying and being situated in Hillsboro Co., state of Florida, and all real estate located in the county of Conecuh, shall vest in fee to the bishop of the Protestant Episcopal Church, diocese of the state of Alabama, for the sole use and benefit of St. Mary's Church, located in the city of Evergreen, in the county and state aforesaid."

The will was executed on July 24, 1919, and filed for record August 6, 1910. The testator was 75 years of age when he died, and when he executed the will Mrs. Frink was 46 or 47 years old, and was childless after 10 years of marriage, and Mrs. Cobb was about 35 years of age, with one child (said Irene) about 4 years of age. Before the sale Mr. Cobb and Mrs. Cobb, parents of Irene were both deceased and left no other child. The trial court made an order confirming the sale, and the guardian ad litem appeals. Reversed and rendered.

J. S. Stearns, of Evergreen, for appellant.
Hamilton & Page, of Evergreen, for appellee.

SOMERVILLE, J. The contention of the appellee—and evidently the theory upon which the trial court proceeded—is that the phrase "lapse or fail" was used by the testator in item 6 of the will in the purely technical sense of nonvesting; and that, as the gift did vest in Mrs. Cobb for life by her survival of the testator, there was no gift over of the remainder to her surviving child, Irene; but, following the law of intestacy, the remainder descended in equal part under the statute to the child, Irene, and the sister, Mrs. Bowles.

The contention of the appellant is that the phrase in question was used in the broader sense of a falling in of the estate, as well as of its nonvesting in the life tenant; and hence, the life estate having vested in Mrs. Cobb, there was a clear gift over of the remainder after her death to her daughter Irene surviving.

Every testamentary bequest is said to lapse when the legatee dies during the life of the testator; no provision being made to the contrary. This is certainly the technical significance of the term. But its use in the broader sense of a falling in of the estate after it has vested, where the context of the will and the general intention of the testator so indicate, has been given judicial recognition and sanction. Van Pretres v. Cole, 73 Mo. 39, 45.

Our statute (Code 1907, § 6166) prevents the lapse of bequests made to children or other descendants of the testator, in case of their death during the testator's life leaving lineal descendants; and, so far as the children of his daughters were concerned, it was wholly unnecessary for Mr. Bowles to make special provision for the devolution upon them of the estates given to his daughters should the latter not survive him. But it is important to observe that the estates given to his daughters were for their lives only, and it would have been a mere contradiction of terms for him to have provided for the contingent disposition of their life estates in the event they did not live to take them, for there would then have been no such estates. There can, in short, be no technical lapse of a devise merely for life.

Looking at the will in its entirety, and noting the manifest purpose of the testator to dispose of his entire estate by the will, and to preserve the ultimate enjoyment of the interests separately given to his daughters for their several children, if any survived them, and to give all to one surviving line if the other became extinct; and, further, looking to the advanced age of the testator, and the practical certainty that his daughters would survive him, we think it is certain that he intended to use the phrase "lapse or fail for any reason" as comprehensive of a falling in of Mrs. Cobb's life estate by her death after it had vested. This view is strengthened by the fact that he unmistakably used "lapse" in just that sense in the preceding paragraph of the will, in dealing with the legacy provided for his sister.

Our judgment is that the property devised to Mrs. Cobb for life was devised in remainder to her daughter Irene, and passed to her in fee simple upon the death of Mrs. Cobb. The order and decree of the probate court will be reversed, and a decree will be here rendered, denying the relief sought, and dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.