In the Matter of the Final Judicial Settlement of the Account of Proceedings of GERTRUDE M. H. NEYDORFF and LESTER H. HELMES, as Executors of the Last Will and Testament of LESLIE H. HELMES, Deceased.

GERTRUDE M. H. NEYDORFF, Individually, Appellant; GERTRUDE M. H. NEYDORFF and LESTER H. HELMES, as Executors, etc., and Others, Respondents.

Third Department, November 10, 1920.

Wills — specific legacies with gift of lapsed legacies to residuary legatee — death of specific legatee before testator — when legacy preserved to descendants of legatee by section 29 of Decedent Estate Law — statute construed — right of testator to dispose of legacies irrespective of statute.

Where a testator having given certain specific legacies to brothers, sisters, children and grandchildren, gave the whole residuary estate," including lapsed legacies," to a niece, the share of a specific legatee who died before the testator lapsed and his legacy did not go to his descendants under section 29 of the Decedent Estate Law, but went to the niece under the residuary clause.

At common law a legacy or devise lapsed when the beneficiary died before the testator, but section 29 of the Decedent Estate Law preserves such gift to the descendants of such legatee if he have the specified relationship to the testator.

However, said section 29 of the Decedent Estate Law was not intended to limit the right of a testator to give his property to whomsoever he may choose, and hence notwithstanding the statute he may provide that a legacy to the persons specified in the statute, if it shall lapse, shall go to a person other than the descendants of the legatee.

A testamentary gift vests only upon the death of the testator.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by Gertrude M. H. Neydorff, individually, from a decree of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on the 24th day of March, 1920, wherein the surrogate determined that the legacies bequeathed to Charles R. Helmes and Salmia H. Case, both of whom predeceased the testator, were payable to the descendants of said deceased legatees.

*Newton B. Van Derzee*, for the appellant.

*Arthur L. Andrews*, for the executors, respondents.

*Charles H. Signor,* for the respondents Charles H. Case and others.

*Denis J. Kilkenney,* for the respondent Frank L. Helmes.

*Robert H. McCormic,* special guardian for the respondents Leslie Helmes Willey and another.

WOODWARD, J.:

The question presented upon this appeal is the construction of the last will and testament of Leslie H. Helmes, deceased. This will gave to each of decedent's brothers and sisters the sum of $1,000. It then gives to his daughter, Olive May Helmes Willey, " and to each of my grandsons, Leslie Helmes Willey and Everett Willey," the sum of $1,000, and then provides that " All the rest, residue and remainder of my estate, real and personal, including lapsed legacies, I give and devise to my niece, Gertrude Margarete Helmes." The testator then nominates and appoints this niece, Gertrude Margarete Helmes, and his brother, Lester H. Helmes, and David A. Thompson as executors of his will. It is probable that Gertrude Margarete Helmes is a daughter of one of the brothers who was named in the earlier clauses of the will, and it is obvious that the testator intended to exclude the remaining children of these brothers from his bounty, and to give his estate, less the specific legacies, to the niece. The learned surrogate has, however, decreed that because of the provisions of section 29 of the Decedent Estate Law there were no lapsed legacies upon the death of one of the brothers and one of the sisters named in the will; that the bequests of $1,000 to each of these persons belong to the descendants of such deceased brother and sister; and the niece, Mrs. Gertrude M. H. Neydorff, appeals from the decree.

At common law a legacy or devise lapsed when the legatee or devisee died before the testator. (*Matter of Tamargo,* 220 N. Y. 225, 232.) The result was that in many cases the testator died intestate as to the gift to particular persons, and to obviate this it was provided by section 29 of the Decedent Estate Law (as amd. by Laws of 1912, chap. 384), which re-enacted and amended similar provisions of the Revised Statutes (2 R. S. 66, § 52), that " Whenever any estate, real or

personal, shall be devised or bequeathed to a, child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate." This clearly was not intended as a limitation upon the right of a testator to give his property to whomsoever he might choose; it was merely intended to vest the property of the testator at his death in the children of those who had been made the beneficiaries of a will, where no other provision was made. It was assumed that in making a gift to a parent the testator contemplated the benefit of such parent's children, in the absence of a contrary purpose being expressed, and the common law was modified to this extent in the case of gifts to the descendants of the testator or to his brothers and sisters. In other words, where the testator was providing for his immediate family — his brothers and sisters or his descendants — the Legislature presumed, in the absence of other provision, that the testator intended the gift to remain in the family of the brother or sister or his own descendants, and to this extent only is the common law limited. (*Matter of Wells*, 113 N. Y. 396.)

The will here under consideration follows the general rule, that it speaks as of the date of the death of the testator, in so far as the vesting of the property goes. At common law if there was a gift to any person it vested only upon the death of the testator, and if the legatee died before the testator at the latter's death the gift fell into the residuary estate. (*Matter of Pearsall*, 91 Misc. Rep. 212, 217; *Matter of Kimberly*, 150 N. Y. 90, 93; *Moffett* v. *Elmendorf*, 152 id. 475, 485.) It was to prevent this result, in the particular instances named, that section 29 of the Decedent Estate Law was enacted, and not to defeat an expressed purpose of the testator. During the lifetime of the testator he could have changed the will; nothing vested in the brother and sister during the lifetime of the testator, and the language of the will was that " All the rest, residue and remainder of my estate    *    *    *

including lapsed legacies, I give and devise to my niece." But as we are bound to give effect to all the lawful purposes of the testator, and must make use of all his language, it must be obvious that the testator referred to " lapsed legacies " as those legacies which were defeated by the prior death of the beneficiaries. It is the same, in effect, as though he had declared that " in the event of the death of any of my said brothers or sisters the share which such brother or sister would have received shall go, not to my residuary estate, but to my niece." He had a perfect right to make such a disposition, and he had a right to convey that purpose in the language employed in this will. He clearly understood what result he wanted to reach. He made no provision for any of the children of his brothers and sisters with the exception of one niece. As to this niece she was to have the residuary estate " including lapsed legacies." He was speaking of contingencies likely to happen between the time of the making of the will and his death. If the brothers and sisters survived him they were to have $1,000 each. If they did not survive — if the legacies lapsed — these lapsed legacies were given to the niece, and the word " lapsed " will not be taken in its technical sense where that will defeat the testator's intention. (*Van Pretres* v. *Cole*, 73 Mo. 39; *Yeates* v. *Gill*, 9 B. Mon. [Ky.] 206; *Chenault's Guardian* v. *Chenault's Estate*, 9 S. W. Rep. 775.) In *Yeates* v. *Gill* (*supra*) the court held that in a statute (Ky. Laws of 1838–39, p. 38, chap. 1019) providing that " hereafter legacies and devises to children and grandchildren shall not lapse by the death of the legatee or devisee before the testator, provided such legatee or devisee shall have children living at the death of the testator," etc., the word " lapse " must not " be taken in its technical sense as indicating the falling back of the legacy or devise, or its subject, into the testator's estate." The will speaks of an event which may happen in the testator's lifetime which may prevent the vesting of the bequests, and he has provided for it. All of his estate is disposed of; there is no intestacy. At the moment of his death a brother and a sister named in his will were dead. If the $2,000 provided for them would otherwise have fallen into the residuary estate and remained undisposed of, the statute would have vested the property

in the children of the deceased brother and sister; but the testator had provided for the contingency; he desired that his niece should have it, and it was thus taken out of the control of the statute.

The decree of the surrogate should be reversed, and the distribution should be made in harmony with this opinion.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Decree reversed, with costs payable out of the estate, and distribution directed in accordance with the opinion.