In the Matter of the Petition of MICHAEL J. SMITH and PETER J. SMITH to Render and Settle Their Account as Executors of THOMAS S. O'REILLY, Deceased.

Surrogate's Court, Kings County, June, 1923.

**Wills — construction — provision for payment of lapsed legacies to named beneficiary — when legacies to sisters of testator who predeceased him do not pass to their children.**

The will of testator contained gifts to individuals for their personal benefit, gifts to individuals in trust for charitable or kindred purposes, and other gifts to charitable and religious corporations and associations, and the residuary estate was given to Ann Cullen and Catherine Brady, two of the sisters of testator. *Held,* that a provision immediately following the residuary clause, declaring that "If any of these bequests in this my last will and Testament be pronounced or declared illegal or contrary to the laws of the State of New York, the same bequest I give to my sister Ann Cullen. I will also that any bequest of a personal nature, the beneficiary being dead at the time of my death shall go to my sister Ann Cullen," was valid and effectual and that money legacies given to two other sisters of the testator who predeceased him were payable to Ann Cullen, even though each of said two other sisters was survived by issue living at the death of the testator.

ACCOUNTING proceeding.

*McCabe, Hickey & Ryan,* for petitioners.

*Lennox C. Brennan,* special guardian for Mary Ann O'Reilly and others, infants.

Misc. 100]        Surrogate's Court, Kings County, June, 1923.

WINGATE, S.   Ellen O'Reilly and Julia Lynch, sisters of the testator and legatees named in his will, have predeceased him, each survived by issue living at the decedent's death.   The special guardian, on behalf of the issue, claims that the legacies intended for the legatees named are, under the provisions of section 29 of the Decedent Estate Law, payable to their respective issue.   The executors assert that, under language of the will later quoted in this memorandum, the legacies are payable to decedent's sister, Ann Cullen.

The will of the testator contains gifts to individuals for their personal benefit, gifts to individuals in trust for charitable or kindred purposes, and other gifts to charitable and religious corporations and associations.

The residuary estate is given to the decedent's sisters, Ann Cullen and Catherine Brady.   Following the residuary gift is this provision: " If any of these bequests in this my last will & Testament be pronounced or declared illegal or contrary to the laws of the State of New York, the same bequest I give to my sister Ann Cullen.   I will also, that any bequest of a personal nature, the beneficiary being dead at the time of my death shall go to my sister Ann Cullen."

The words " any bequest of a personal nature," employed by the testator in the 2d sentence of the provision last quoted, when examined in the light of the meaning to be derived from the immediately preceding sentence, and having in mind the varied nature of the many bequests contained in the will, are seen clearly to refer to gifts to individuals for their personal benefit, i. e., to bequests of such a nature as would, except for statute or alternative disposition in the will itself, lapse upon the death of the legatee before the testator.

Such a construction completely harmonizes with the purpose of the decedent, as disclosed in the first sentence of the foregoing extract, to give to his sister Ann Cullen such of his bequests as should " be pronounced or declared to be illegal or contrary to the laws of the State of New York."   This language can only have reference to such of his attempted gifts to religious or charitable corporations or associations and of his attempted trust bequests as might fail of effect for invalidity.

Void and lapsed bequests, unless affected by statute or by alternative testamentary provision, are commonly disposed of as part of the residuary estate.   This the testator knew, and he drew his will in such form as to prevent such disposition of his property.   His plan of division in such event is to be otherwise and is announced in the language heretofore quoted.

Surrogate's Court, Oneida County, June, 1923.        [Vol. 121

His purpose, therein announced, is that his residuary estate, given to his two sisters, is not to be enlarged by the addition of void or lapsed bequests. Neither is section 29 of the Decedent Estate Law to control the destination of bequests which otherwise would lapse. All of his gifts which fail by reason of invalidity or by reason of the prior death of intended beneficiaries, are to go to Ann Cullen as substitutional legatee thereof. This provision is valid and effectual. See *Matter of Neydorff*, 193 App. Div. 531.

It follows that the money legacies intended for Ellen O'Reilly and for Julia Lynch are now payable to Ann Cullen.

Settle decree of distribution accordingly.

Decreed accordingly.