In the Matter of the Will of DAVID ROSENTHAL, Deceased.

Surrogate's Court, New York County, June 13, 1945.

*Carmody, Roth & Mayer* and *Lester E. Tomback* for Irving E. Sampson and another, petitioners.

*Lorenz Reich, Jr.,* and *Philip Feldman* for Pearl Levy and others, respondents.

*Paul N. Janovic* for Alphonse Stember, respondent.

*Alfred England* for New York Association for Jewish Children, respondent.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), for dissolved corporate legatee, respondent.

DELEHANTY, S.

[Certain directions included in the opinion of the Surrogate are omitted because of their subordinate importance.]

Under paragraph eleventh of deceased's will a general legacy in a substantial amount is given to a sister of deceased who predeceased him leaving surviving four children. One of these four is a beneficiary under clause twenty-fifth of the will. He is one of five persons who are given legacies of $5 each in that clause of the will. In respect of all these gifts the text says: "And it is my will that this provision be in lieu and bar of every right and interest in and to my estate". Because of this express prohibition against further participa-

tion in the estate on the part of one of the children of the predeceased sister he can have no benefit from the terms of section 29 of the Decedent Estate Law.█ Because no such prohibition runs against the other three of the sister's four children the question is presented whether or not the legacy under the eleventh paragraph is payable to the three nonexcluded children in shares of one third each or whether the nonexcluded children take only one fourth each with the remaining one fourth passing to the residuary as otherwise undisposed of property. So far as the research of the court has disclosed no like case is reported. There is ample authority that an express prohibition such as is contained in clause twenty-fifth of the will bars the child of a predeceased legatee from the benefit conferred by section 29 of the Decedent Estate Law. (*Pimel* v. *Betjemann*, 183 N. Y. 194; *Matter of Neydorff*, 193 App. Div. 531; *Matter of Northrip*, 258 App. Div. 71.)

The legislative rule contained in section 29 of the Decedent Estate Law has been interpreted in *Matter of Neydorff* (*supra*), where the court said: " In other words, where the testator was providing for his immediate family — his brothers and sisters or his descendants — the Legislature presumed, in the absence of other provision, that the deceased intended the gift to remain in the family of the brother or sister or his own descendants, and to this extent only is the common law limited." The concept of the statute thus stated implies that what the Legislature has done is to recognize a presumed intention of a testator, and the duty of the court is to give effect to the intention of a testator if that may be done validly.

There is nothing in the history of the statute which forbids a distribution to the three nonexcluded children of the named legatee. Every testator is presumed to make his will against the background of statutory and case-made law regulating the disposition of his property. While it may well be thought that deceased had no specific intent in relation to the alternative objects of his bounty, the statute supplies an intent and the testator is deemed to have possessed it. In this will the court sees a purpose on the part of deceased to dispose of his entire estate. It finds no basis for any thought that deceased intended to be partially intestate in respect of the gift under the eleventh paragraph of the will. Ascribing to deceased, as was done in *Matter of Neydorff* (*supra*), a purpose to have his gift remain in the family of his sister, the court holds that the gift vests

in equal one-third shares in the children of 'the sister other than the legatee excluded perforce the terms of article twenty-fifth of the will.

The conclusion here reached has taken into account the terms of subdivision d of paragraph twenty-third of deceased's will. There the primary gift is for the benefit of a niece and the plain expectation of deceased is that his niece would survive to take the principal of the gift. There is a contingency under which the legatee of $5 under clause twenty-fifth may possibly have a share in the principal of the fund dealt with in subdivision d of clause twenty-third but there is no indication that deceased regarded that contingency as of any value. If the terms of clause twenty-fifth are to have any effect at all they must operate at least to exclude the son of the beneficiary under the eleventh paragraph from any participation in the fund passing thereunder.

The gift under the twelfth paragraph of the will passes to the three survivors of the nieces who are named therein as alternative legatees in the event of the death of the primary legatee.

Under paragraph eighteenth of the will a gift is made to a sister of deceased who predeceased him leaving surviving her an only child who is one of the five persons mentioned in paragraph twenty-fifth of the will. By reason of the terms of that paragraph, section 29 of the Decedent Estate Law does not save the gift and it fails wholly.

[Other directions included in the opinion of the Surrogate are omitted because of their subordinate importance.]

Submit, on notice, decree construing the will and settling the account accordingly.