In the Matter of the Accounting of LESTER A. BLACKFORD et al., as Executors of ALMA E. JACKSON, Deceased.

Surrogate's Court, New York County, April 13, 1948.

*William F. McDermott* and *Harry J. Southwell* for executors, petitioners.

*Holtzmann, Wise, Shepard, Houghton & Kelly* for Rector, Church Wardens and Vestrymen of Trinity Church in the City of New York, respondents.

*Edward W. Stitt, Jr.,* for Mary E. Gilbert and another, respondents.

*Wing & Wing* for New York Congregational Home for the Aged, respondent.

*Francis X. Mancuso,* special guardian for Alma O. Job, an infant, and for Thomas J. Cushman, a person in military service, respondents.

COLLINS, S.   Four questions requiring construction of deceased's will are presented in this proceeding for the settlement of the account of the executors.   In the first paragraph of her will the testatrix directed her executors to give out of her estate to a cemetery " as a trust in perpetuity such reasonable sum as will produce an income sufficient for the perpetual care of said entire Bethel Cemetery."   The cemetery to which reference was made is maintained in conjunction with the Bethel Methodist Church in Readsville, Missouri.   In a subsequent paragraph of her will the testatrix made a bequest of $10,000 in trust " to the trustees or other governing body of the Bethel Methodist Church, now located near Readsville, Callaway Co., Missouri," the income of which fund was directed to be applied to payment for the services of clergymen " from time to time ministering to the congregation of said church."

The capacity of the named legatees to take each of these bequests must be determined in accordance with the laws of

the State of Missouri. (*Matter of Idem*, 256 App. Div. 124, affd. 280 N. Y. 756; *Matter of Gault*, 48 N. Y. S. 2d 928.) It is the law of that State that a gift to or for an unincorporated association, such as the named church, for a charitable purpose may be validated if the gift is taken in the name of trustees. (*Normandy Cons. [School] Dist.* v. *Harral*, 315 Mo. 602; *City of Caruthersville* v. *Faris*, 237 Mo. App. 605.) The trustees of the church are qualified to accept and administer each of the bequests in question. The gift for the maintenance of the cemetery authorized the executors to provide the trustees of the church with a " reasonable sum " for the specified purpose. The action of the executors in arranging to pay to the trustees of the church the sum of $10,000 in accordance with the testatrix' direction is approved (*Kernochan* v. *Farmer's Loan & Trust Co.*, 187 App. Div. 668, affd. 227 N. Y. 658; *Matter of Lemcke*, 53 N. Y. S. 2d 253). The court holds that the gift in trust to the trustees of Bethel Church for payment of the salary of clergymen ministering to its congregation is for a valid charitable purpose and is sustained (*Matter of Bell*, 141 Misc. 720; and see *Mott* v. *Morris*, 249 Mo. 137; *Sandusky* v. *Sandusky*, 261 Mo. 351).

The testatrix bequeathed a share of her residuary estate " to St. Agnes Chapel (Trinity Church, New York City)." St. Agnes Chapel was established by the Trinity Church corporation and maintained by it. The ministers who served its parishioners were under the direct supervision of the church and Trinity was responsible for all of its obligations. The chapel was not incorporated and functioned solely as a subsidiary body of the parent church. The fact that the legacy was made to the chapel, an unincorporated entity, requires the application of the rule in *Kernochan* v. *Farmers' Loan & Trust Co.* (*supra*). The gift which the testatrix left to St. Agnes must therefore go to the parent church corporation and the court so holds.

The testatrix gave another share in her residuary estate to her sister Mrs. Lulu J. Machin who predeceased her. The text of the residuary clause was followed by a direction to the effect that " if any of the legatees hereinabove named shall predecease me, then the bequest to the legatee so dying shall lapse and the amount thereof shall be disposed of as a part of my residuary estate." The court holds that the quoted text renders section 29 of the Decedent Estate Law inapplicable in respect of the gift to Mrs. Machin (*Matter of Neydorff*, 193 App. Div. 531; *Matter of Rosenthal*, 185 Misc. 168). The language of

the will serves also to indicate the purpose of the testatrix to overcome the effect of the rule that in the absence of a contrary intent a lapsed residuary gift passes as intestate property (*Wright* v. *Wright*, 225 N. Y. 329). Consequently, the prior death of Mrs. Machin does not result in causing her bequest to pass as in intestacy. The express proviso against lapse sufficiently manifests the intention of the testatrix to limit the distribution of her residuary estate to such of the legatees named in the residuary clause as survived her. (*Oliver* v. *Wells*, 254 N. Y. 451.) To that extent the bequests possessed the characteristics of a gift to a class. The court holds, therefore, that there must be added to the total available for distribution among the surviving residuary legatees the share allotted to Mrs. Machin.

Submit decree on notice construing the will in accordance with the foregoing and settling the account of the executors.