Samuel Faile, S.
This is an accounting proceeding in which the executors seek a construction of article ‘ ‘ seventh ’ ’ of the will and article “ first ” of the first codicil to determine the *678 rights and interests of a natural child and four adopted children of a predeceased son of testatrix who was a legatee under the will.
The testatrix died on May 8, 1954 and her will dated November 8, 1934 and two codicils dated May 19, 1944 and November 12, 1946 respectively were duly admitted to probate and letters testamentary thereon were issued by this court on August 13, 1954.
Article 1 ‘ seventh ’ ’ of the will provides: “ I give and bequeath to my son Alexander Carleton the sum of Five Thousand ($5,000) Dollars.” Alexander Carleton died on September 10, 1946 survived by a natural child, Horace M. Carleton, and four children whom he adopted in June 1925. Under article “ second ” of the will, the testatrix gave a $1,000 legacy to each of her surviving grandchildren. Article “ first ” of the first codicil amended article " second ” of the will and provided for legacies to the grandchildren of testatrix who survived her but expressly excluded two named grandchildren, one of whom was Horace M. Carleton. Article ‘ ‘ first ’ ’ of the first codicil further provided: “ For reasons best known to myself and ■my grandson Horace M. Carleton, I feel that I should not remember him in any financial way in my Will.”
At common law a legacy or devise lapsed if the legatee or devisee predeceased the testator (Matter of Tamargo, 220 N. Y. 225, 232). Thus, unless the testator provided for an alternate gift to cover such a contingency, partial intestacy resulted. The Legislature enacted section 29 of the Decedent Estate Law in order to avoid partial intestacy in cases where a gift was made to a brother, sister or descendant of the testator. As was pointed out by Woodward, J., in Matter of Neydorff (193 App. Div. 531, 533) section 29 of the Decedent Estate Law: “ was not intended as a limitation upon the right of a testator to give his property to whomsoever he might choose; it was merely intended to vest the property of the testator at his death in the children of those who had been made the beneficiaries of a will, where no other provision was made. It was assumed that in making a gift to a parent the testator contemplated the benefit of such parent’s children, in the absence of a contrary purpose being expressed, and the common law was modified to this extent in the case of gifts to the descendants of the testator or to his brothers and sisters.”
It is well established that adopted children come within the purview of section 29 of the Decedent Estate Law (Matter of Walter, 270 N. Y. 201; Matter of Horvath, 155 Misc. 734; Matter *679 of Foster, 108 Misc. 604). Accordingly, the court determines that the adopted children of Alexander Carleton share in the legacy provided for under article “ seventh ” of the will. However, the provisions of the first codicil which amended article “ second ” of the will by excluding Horace from receiving a legacy of $1,000 raise a question as to whether the codicil is effective to deprive Horace M. Carleton of the share which he otherwise became entitled to receive under section 29 of the Decedent Estate Law as a child of a legatee who predeceased the testatrix.
The provisions of section 29 of the Decedent Estate Law create a presumption that testatrix intended to benefit the descendants of a beneficiary who bears a relationship to her as a descendant, a sister or a brother (Matter of Neydorff, supra; Matter of Loeb, 34 N. Y. S. 2d 65). However, the presumption created by section 29 of the Decedent Estate Law is inapplicable to those cases where the will manifests a contrary testamentary intention. (Pimel v. Betjemann, 183 N. Y. 194; Matter of McKeon, 182 Misc. 906; Matter of Rosenthal, 185 Misc. 168.) In determining whether the present will manifests a testamentary intention which supersedes the presumption created by section 29 of the Decedent Estate Law, it is noteworthy that article “ first ” of the first codicil relates exclusively to article “ second ” of the will and the legacies of $1,000 bequeathed to each of the grandchildren of testatrix excepting Natalie and Horace. The testamentary statement relating to Horace (supra) which follows such gift is nothing more than an explanation by testatrix in which she sets forth the reasons for having excluded Horace from the class of grandchildren who were to receive the bequests of $1,000 each provided for in article ‘ ‘ first ’ ’ of said codicil. There is no reference in the codicil to article ' ‘ seventh ’ ’ of the will and such explanation in the codicil is not equivalent to a direction that such provisions of the codicil should affect provisions of the will other than article “ second ”. The court therefore determines that the provisions of article “first” of the first codicil are unrelated to the $5,000 bequest contained in article “ seventh ” of the will and further determines that the testatrix did not thereby manifest any testamentary intention to overcome the presumption created by section 29 of the Decedent Estate Law. Accordingly, the court determines that the legacy provided for in article ‘ ‘ seventh ’ ’ is distributable in five equal shares to the natural child and each of the four adopted children of Alexander Carleton.
Settle decree.