Laurence D. Wood, S.
This is a proceeding to construe the will of Constantin Jovanopoulos, executed September 19, 1961, the day after his sister, Calliopi Silver executed her will. Both Constantin and Calliopi Silver then resided in Detroit, Michigan, where the wills were executed. On December 7, 1961, Calliopi Silver died in Greece, predeceasing her brother, and leaving surviving her son, Steve Silver, the petitioner herein. On July 2,1963, Constantin Jovanopoulos died in Greece. The residence *996 of both decedents at the time of their death is stated by the petition to have been at 545 Cortland Avenue, Syracuse, Onondaga County, New York.
Three paragraphs of the will which is the subject of the controversy are here set forth as follows:
“ 6. I hereby give, devise and bequeath to my beloved sister, Calliopi Silver, the other one-half (%) interest in the house and lot which is located at 545 Cortland Avenue, Syracuse, New York.
“ 7. I hereby purposely have omitted the name of my beloved nephew, Steve Silver of Syracuse, New York, as his mother, my beloved sister, Calliopi Silver, will no doubt in her discretion and after her demise make provision for him in her Last Will and Testament.
‘ ‘ 8. Thereafter all the rest, residue and remainder of my estate of every kind and description and wherever situated, whether real or personal, which I may own or in which I may have an interest at the time of my death, I give, devise and bequeath unto my beloved sister, Calliopi Silver ’ ’.
Other portions of the will of Constantin Jovanopoulos appointed the sister Calliopi Silver, as executrix and in the event of her death appointed “my two (2) nephews” Nick Jovan and Steve Silver as coexecutors, providing specifically that either could act alone if the other predeceased or failed to qualify.
The will in its earlier paragraphs made a general bequest to one Evangelia Pavion of $2,000, and left Anthoula Apostoulou Houliara, a niece, and Stilianos Hatzikiriakou, a nephew, each one half of a house at Salonika, Greece, where they resided. Nick Jovan was left the one half of a house at 545 Cortland Avenue, Syracuse, the remaining one half of which was devised to Calliopi Silver by paragraph 6 above set forth.
The issue here is whether Steve Silver, a nephew of the testator, will take the legacy to his mother Calliopi Silver, the testator’s sister who predeceased the testator, under the lapse statutes which protect the rights of the surviving issue of certain beneficiaries of close relationship to the testator, “unless a different disposition shall be made or directed by the will”. (Mich. Stat., § 27.3178[81].)
While the New York statute does not contain the words last above quoted from the Michigan statute, it has been construed to be so limited. (Matter of Northrip, 258 App. Div. 71 [1939], affd. 282 N. Y. 797.)
It is apparent that Steve Silver, as son of the legatee and devisee, Calliopi Silver, is within the group of persons protected *997 by the lapse statute of New York (Decedent Estate Law, § 29) and of Michigan (Mich. Stat., § 27.3178 [81]).
It is also apparent that the will of Constantin Jovanopoulos provided for no gift over to any other person of either the specific devise or the residuary bequest made to Calliopi Silver.
The sole obstacles to his inheritance of the share of the estate of Constantin Jovanopoulos are found in the words of paragraph numbered “ 7 ” of said will stating that testator “ purposely have omitted the name of my beloved nephew, Steve Silver, of Syracuse, New York, as his mother, my beloved sister, Calliopi Silver will no doubt in her discretion and after her demise make provision for him in her Last Will and Testament ”. The will of Calliopi Silver failed to make any provision for her son in her will dated September 18, 1961, except to leave him her one-half interest in the house at 545 Cortland Avenue, $4,000 and a one-fourth interest in the residue of her estate, after providing for other general bequests of $12,000.
The New York State antilapse statute, as interpreted by the New York courts, being the law of the situs, controls the descent of the New York real property (Decedent Estate Law, § 47).
Since the will was executed in Michigan, and the probate proceeding was in New York State the provisions of section 24 of the Decedent Estate Law of New York that “ the right to have a will admitted to probate, the validity of the execution thereof, or the validity or construction of any provision contained therein, is not affected by a change of the testator’s residence made since the execution of the will ’ ’ apply.
It has been held that where the domiciliary State of the execution of the will protects against the lapse of a legacy, that the law of that State will be applied if the law of the domiciliary State at death fails to give such protection. (Matter of Duke, 181 Misc. 529, 535; 2 Beale, Conflict of Laws, § 308.1, p. 1038.)
It appears that, for the purposes of the resolution of the construction here sought as to personal property, both States have equivalent statutes so that the law of the domicile at the time of death may be applied (Decedent Estate Law, § 47).
We do not find Michigan case law, either in the briefs submitted, or in a review of the collation of authorities, to bear on the particular point. There are however a number of New York cases construing the New York statute.
First, we can dispose of any question that the gift is conditioned on survivorship, since the will makes no mention of any requirement that the sister survive, and since there is no provision for a gift over should she have predeceased the testator.
*998 Likewise there is no question of this gift to an individual being in any sense a class gift.
The seventh clause stating that the name of the son of Calliopi Silver is omitted states the basis for the omission as an anticipated provision for the son, Steve Silver, by Calliopi Silver.
There is thus no definite expressed intention in the will before the court which would overcome the provisions of the lapse statute as it is generally construed. (Matter of Neydorff, 193 App. Div. 531, 533; Matter of Carleton, 3 Misc 2d 677.)
In the Carleton case the codicil provided (p. 678) that “ for reasons best known to myself and my grandson * * * I feel that I should not remember him in any financial way in my Will ”.
There the court determined that the above language did not manifest any testamentary intention to overcome the presumption against lapse created by section 29 of the Decedent Estate Law of New York.
The court holds that, under section 29 of the Decedent Estate Law of New York as construed, the New York real property left to Calliopi Silver, the predeceased sister of the testator, vests in her son, the presumption in favor of descendants of deceased brothers and sisters not having been overcome.
The court further holds that the bequest of personal property made to Calliopi Silver, the testator’s deceased sister, likewise vests in her son under section 29 of the Decedent Estate Law of New York as interpreted by the New York courts.