(85 App. Div. 549.)

HERZOG v. TITLE GUARANTEE & TRUST CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. WILLS—CONSTRUCTION—PERPETUITIES.

Testator gave all his residuary estate to executors and trustees to hold in trust during the lives of those two of his children who should be the youngest at the time of testator's death, and for such time thereafter, if any, as may be permissible by law, and pay the income to testator's widow and children in stipulated amounts, and providing that on termination of the trust certain liens and mortgages should be paid, and the residuary estate conveyed in equal parts to the children or their heirs, etc. Subsequently, a codicil was attached, providing that if one of testator's daughters should marry a certain person she should be allowed an annuity, and that upon her death the sum of $300,000 should be divided between her children; "the principal so to be divided upon her death shall be $300,000." *Held* not in conflict with the statute against perpetuities; the trust originally provided for not being continued until the death of the daughter mentioned in the codicil, but the former provisions of the will with respect to the provisions for testator's children merely being modified.

2. SAME—PARTIAL INTESTACY.

The codicil was not invalid because leaving the share formerly devised to the daughter in the original will undisposed of, but operated as a gift over of this share to the other children.

Appeal from Special Term, New York County.

Action by Fanny McComb Herzog against the Title Guarantee & Trust Company of New York and others, as executors of the will of James Jennings McComb, to construe the will. From a judgment for plaintiff (82 N. Y. Supp. 355), defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Geo. A. Strong, for executors and trustees.
John Notman, for other appellants.
Edward M. Scudder, guardian ad litem, for Edward Rayne Herzog.
Robert L. Harrison, for respondents.

LAUGHLIN, J. This is an action for the construction of the last will and testament of James Jennings McComb, who died on the 31st day of March, 1901. By the judgment from which the appeal is taken it is adjudged and decreed that the ninth clause or article of the third codicil to the will, construed in connection with the trust created by the fifteenth clause or article of the will, is illegal, inoperative, and void. The correctness of this decision is the question now presented. As appears by the decision, this conclusion was reached upon the theory that the provisions of that part of the codicil in question, construed in connection with the trust created by the fifteenth clause or article of the will, constitute a trust which suspends the absolute power of alienation of real property and the absolute ownership of personal property for a longer period than during the continuance of two lives in being at the creation of the estate. By the first 14 clauses or articles of the will the testator made numerous specific legacies and devises of both personalty and real property. Some of the legacies were payable out of the gross income of the

residuary estate, and were annuities for life; and it was expressly
provided in the will that in case the residuary estate should be divid-
ed, as directed in the fifteenth clause or article, before the termina-
tion of the annuities, the trustees should set aside and separately in-
vest and hold a fund sufficient to provide an income to pay the same,
and at the termination of the annuity should distribute everything
thus set aside in the manner provided in the will for distributing
the residuary estate.   Other life annuities were given in the clauses
of the codicil preceding the ninth, which might continue beyond
the period of distribution.   He also, in the will as originally executed,
gave the use of his homestead at Dobb's Ferry to his wife and chil-
dren during the life of his wife, and thereafter during the life of the
one of his children surviving him who should be the youngest at
the time of his death, and directed that the trustees should pay the
taxes, assessments, and insurance thereon from the residuary estate,
and provided that the remainder should become part of their residu-
ary estate or be disposed of as directed in respect to the residuary
estate.   He also provided that the executors and trustees should pay
to his wife or children who should occupy the homestead, as long as
they were given the use thereof, a sum not exceeding $30,000 per
annum for their costs and expenses of living therein, and further
provided that, in the event that the residuary estate should become
distributable before the termination of such trust, the executors and
trustees should set apart and separately invest a sum sufficient to
yield an annual income equal to the annual expenses incurred during
the preceding year for such cost and expense of living in said home-
stead, and at the termination of the trust to distribute the fund as
provided for the distribution of his residuary estate.   The fifteenth
clause or article of the will, so far as material, is as follows:

"All the rest, residue and remainder of my estate of what kind soever,
whether real or personal, and wheresoever situated, I give, devise, and be-
queath to my executors and trustees and to their successors in trust to hold,
invest, maintain and manage during the lives of those two of my children
who, surviving me, shall be the youngest of my children at the time of my
death, and for such time thereafter if any as may be permissible by and
under the laws of the state of New York upon the trusts and for the pur-
poses stated below, to wit:

"1st. To raise and set aside such sums as may be required and may not
otherwise have been provided to secure and meet the payments directed in
the preceding clauses of this my will and to make such payments in accord-
ance with the terms of said will.

"2nd. To set aside and separately invest a sum sufficient to secure an an-
nual income of twelve thousand dollars and to pay such income in monthly,
semi-annual or quarterly installments as she may request to my wife Mary
Esther McComb during her life, and, upon her death, to dispose of said sum
as hereinafter directed in respect to the principal of my residuary estate.

"3rd. From the income of said residuary estate not otherwise disposed of,
to pay the sum of six thousand dollars per annum, in semi-annual or quar-
terly installments, to each one of my four children, to wit, Mary Alice, Fanny
Rayne, Lillie and Jennings Scott, and to apply the remainder of said income
during the continuance of this trust to the payment and satisfaction of all
liens or mortgages upon the aforesaid Central Park Apartment Building until
all said liens and mortgages shall have been paid off and satisfied and then
to divide the said remaining income equally among and pay the same in
equal parts to my four children above mentioned, paying to the issue or
devisee of any child dying before the termination of said trust, the parent's

share and distributing equally among the surviving children the share of any who may have died without issue and intestate.

"4th. Upon the termination of said trust, to pay and satisfy any liens or mortgages upon said Central Park Apartment of Buildings then remaining unpaid and thereupon to pay, transfer and convey said residuary estate in equal parts, share and share alike, to my said children above named, or to their respective heirs, legatees, devisees, next of kin, executors, administrators or assigns."

This article or clause further provided that should the trusts therein created terminate while any one of his children was less than 40 years of age, the executors and trustees should, if the laws of the state permitted them to do so, defer the payment of one-half of the principal share of each child under such age until the beneficiary attained the age of 40 years. The testator's four daughters survived him.

The ninth clause or article of the third codicil to the will was as follows:

"It is my will and I hereby direct, that in case my daughter Fanny shall marry Mr. Louis Herzog, the provision which she shall enjoy from estate shall be as follows: An annuity of fifteen ($15,000) thousand dollars shall be paid to her, so long as she shall live, free and clear from any enjoyment or interference therewith on the part of her husband. Upon her death the sum of three hundred ($300,000) thousand dollars shall be divided between her children, who may survive her, and the issue of any child of hers, who may have previously died, such issue to take the parent's share. The principal so to be divided upon her death shall be three hundred ($300,000) thousand dollars."

The testator's daughter Fanny married Louis Herzog, mentioned in this clause of the codicil, on the 31st day of December after the death of the testator, and a son has been born to them, who is still living.

The theory upon which it is contended that this provision of the codicil constitutes an unlawful suspension of the power of alienation and ownership is that in the event that Fanny married Herzog, which has transpired, the trust provided for in the fifteenth clause was continued until her death, even though that might not occur during the lives of the testator's two youngest children who survived him. If this were the effect of the codicil, the disposition therein made would undoubtedly be repugnant to the statute and void; but we are of opinion that such is not the proper construction of the will and codicil. It was manifestly the intention of the testator to modify the third and fourth subdivisions of the fifteenth clause or article, in the event that Fanny should marry Herzog, by providing that she should then receive $15,000 per annum as a life annuity, instead of a share in the income of the residuary estate during the continuance of the trust and in the principal thereof at the termination of the trust, and that upon her death her issue should receive $300,000. It is significant that the testator in the ninth clause of the third codicil, after expressly providing that upon the death of Fanny $300,000 should be divided between her issue, further expressly states, "The principal to be divided upon her death shall be three hundred thousand dollars." This clearly indicates that it was his intention that, should there be a distribution of his residuary estate as provided in

the fifteenth clause or article of the will, the principal sum of $300,000 should be held and reserved—as he had provided, as has been seen, in the case of other annuities continuing beyond the time fixed for distribution of the residuary fund—for Fanny's issue, and doubtless to provide her annuity, which would be 5 per cent. upon that amount, although her income was payable absolutely, and not limited to the income of the residuary estate; and it is undoubtedly the duty of the trustees to reserve from the distribution, should distribution take place before Fanny's death, a sum sufficient to provide for the payment of her annuity and to leave a principal sum of $300,000 for her issue. The ownership of or power of alienation over this principal sum is suspended only during Fanny's life, and it therefore becomes a valid devise to her issue, or the children of her issue. The other provisions of the fifteenth clause or article of the will with reference to the division of the income and distribution of the residue of the trust estate readily accommodate themselves to this construction. Upon the marriage of Fanny her sisters would each receive from the income of the residuary estate annually, in the first instance, the sum of $6,000 under the third subdivision of the fifteenth clause or article, and they would receive in equal shares the surplus of such income which would have been received by the four children had she not married Herzog. It appears from the fifteenth clause or article that the testator understood that he could not suspend the absolute power of alienation or ownership of any of his property for a period longer than the duration of two lives in being at the creation of the estate, and this is further shown in substantially the same manner by several other provisions of the will. It is not reasonable, therefore, to infer that by the ninth clause of the third codicil he intended to make a disposition of his property which would be in violation of the statute in that regard. The provisions of the will and codicil are susceptible of the construction which we have indicated, and, under the well-known rule which favors a construction that will render the testamentary provisions valid rather than one which will render them invalid, that construction should be given.

We have not overlooked the contention of counsel for the respondent that the substitutionary provision for Fanny in the event of her marrying Herzog is invalid because it leaves undisposed of the fourth of the income and residuary estate originally given to her by the will; but we construe the codicil as a modification of the fifteenth clause or article of the will, and a gift over of this share to the other children, and therefore it is unnecessary to consider the doctrine upon which this claim is based.

The judgment should therefore be modified by striking out the provision adjudging that the ninth clause of the third codicil of the will is invalid, and directing the trustees to pay the plaintiff a share of the income of the residuary estate as provided in the third subdivision of the fifteenth clause or article during the continuance of the trust, and to her or to her heirs, legatees, devisees, executors, administrators, or assigns one equal fourth part of the residuary estate, and by decreeing in place and stead thereof that the said ninth clause or article of the third codicil of the will is valid, and directing the

trustees to pay to the plaintiff the annuity for life therein provided, and upon her death to pay, transfer, and convey to her issue, or the issue of her children, the principal sum of $300,000, as therein provided, with costs to all parties appearing separately, and an allowance to the guardian ad litem payable out of the residuary estate.

Judgment modified as directed in the opinion, with costs to all parties appearing, and an allowance to the guardian ad litem payable out of the residuary estate. All concur; INGRAHAM, J., in result.