WILLIAM C. LE GENDRE, Respondent, *v.* SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, Appellant.

APPEAL — WHEN COURT OF APPEALS WILL NOT REVIEW EXCEPTIONS TAKEN TO REFUSAL OF TRIAL COURT TO MAKE FINDINGS OF FACT. While a refusal, by a trial court or referee, to find a fact as requested may always be reviewed by the Appellate Division upon an exception taken thereto under the statute (Code Civ. Pro. § 1023, as amd. by L. 1904, ch. 491), the Court of Appeals will not review such refusal where the fact which the trial court has been requested to find is a fact directly in conflict with a fact actually found by the trial court as the basis of its decision, or a fact which would necessarily nullify such finding, and where the finding of fact as made has the support of an unanimous affirmance by the Appellate Division.

*Le Gendre* v. *Scottish U. & N. Ins. Co.,* 108 App. Div. 367, appeal dismissed.

(Argued January 8, 1906; decided January 16, 1906.)

MOTION to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 20, 1905, affirming a judg-

ment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The motion was made upon the grounds that the Appellate Division unanimously decided that there was evidence tending to sustain the findings of fact, and that the exceptions presented no question that the Court of Appeals could review.

*Robert L. Harrison* and *William Byrd* for motion.

*Michael H. Cardozo* and *Edgar J. Nathan* opposed.

WILLARD BARTLETT, J.   This is an action to reform a policy of fire insurance and to recover the amount of the loss upon the policy as reformed.   The trial court found facts sufficient to justify and require a judgment in favor of the plaintiff, and its decision has been unanimously affirmed by the Appellate Division.   The record presents only three exceptions to rulings on evidence, all of which are plainly of a frivolous character, and being manifestly without merit present no question of law which can be reviewed by the Court of Appeals.   (*Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219.)   It is clear, therefore, that the respondent is entitled to have this motion granted unless the appellant has acquired a right to a review in this court by reason of the change in practice effected by the addition of section 1023 to the Code of Civil Procedure in 1904, restoring exceptions to refusals to find.   That section permits the attorney for either party to submit to the trial court or referee in writing a statement of the facts which he deems established by the evidence and of the rulings upon questions of law which he desires the court or referee to make.   At or before the time the decision or report is rendered the court or referee must note in the margin of the statement the manner in which each proposition has been disposed of, and an exception may be taken to the refusal of the court or referee so to find. (Code Civ. Proc. § 1023, added by ch. 491, L. 1904.)

There is no doubt that under this section a refusal to find a fact as requested may be the subject of judicial revision upon

exceptions, under the practice thus restored by the legislature; but the question is, to what extent? Obviously the exception gives no right to a review in this court where the fact which the trial court has been requested to find is a fact directly in conflict with a fact actually found by the trial court as the basis of its decision, or a fact which would necessarily nullify such finding, and where the finding of fact as made has the support of a unanimous affirmance by the Appellate Division. Any other view of the legislation of 1904, embodied in section 1023 of the Code, would give it an effect which would be in conflict with that clause of section 9 of article VI of the Constitution which prohibits this court from reviewing any unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court.

The trial court in the present case has made all the findings of fact necessary to sustain the conclusions of law which warrant the relief actually awarded by the judgment. Every one of the findings refused is a finding hostile to the findings as made which have been unanimously affirmed by the Appellate Division. Under these circumstances the exceptions to the refusals to find the facts requested present no question which can be reviewed here.

It may be suggested that this conclusion deprives exceptions under section 1023 of the Code of Civil Procedure of any value whatever. But this does not follow. Such exceptions would always be available in the Appellate Division and always here where the affirmance by the Appellate Division was not unanimous.

The motion to dismiss the appeal should be granted, with costs and ten dollars costs of motion.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Motion granted and appeal dismissed.