In the Matter of the Estate of BERTHA HEHR, Deceased.

Surrogate's Court, Erie County, April 16, 1938.

*Albert G. Lange,* for the executor.

*Fred Dobmeier,* special guardian for Pauline Jennejohn, infant.

HART, S. Clara Jennejohn, one of the devisees and legatees, died before the testatrix here but subsequent to the making of the will, and left one infant child, Pauline Jennejohn.

This court has been requested to construe the following paragraph of the will of the deceased so as to determine the correct scheme of distribution: " *Second.* I give, devise and bequeath all my property of every kind and nature to my living children, Minnie Hintermeier; William Hehr; Fred Hehr; Clara Jennejohn; George Hehr; Edwin Hehr; Pauline Szmian and Ida Hehr in equal shares. I do not release or forgive to my children or their representatives any sums of money, and interest which may be owing from them or either of them to me at the time of my decease but expressly declare it is not my intention to cancel any claim or debt owing by them or either of them to me and I hereby direct my executor hereinafter named to deduct the amounts of such claims or debts owing at the time of my decease from the respective share of such child so indebted to me."

It is a rule of law that, where the devise or bequest is to a class of persons in general terms, the decease of any such persons during the testator's life will occasion no lapse.

It is also a rule of law that, in case of a bequest to individuals described by name, the death of one will cause a lapse, unless an intent to the contrary appears.

If the first rule holds true in this instance then the property will be divided among the six living children. If the latter rule prevails the property will not be divided among the six living children, and ordinarily the devise and bequest would lapse as to Clara Jennejohn, deceased. Section 29 of the Decedent Estate Law prevents such lapsing.

The question is largely one of intention on the part of the testator. In this connection it is significant to note the following sentence of paragraph " second:" " I do not release or forgive to my children or *their representatives* any sums of money, and interest which may be owing from them or either of them to me."

This court is of the opinion that the matter under consideration is a devise and bequest to the individual children and not to a class, and that the share of Clara Jennejohn passes to Pauline Jennejohn, her infant child, by virtue of section 29 of the Decedent Estate Law.