In the Matter of the Accounting of LOUISE HAMILTON, as Administratrix with the Will Annexed of the Estate of ARTHUR B. HAASER, Deceased.

Surrogate's Court, Bronx County, June 7, 1946.

*John J. Halleron, Jr.,* and *Sadie A. O'Brien* for petitioner.

*Frederick W. McGowan* for National Surety Corporation.

*Nathaniel L. Goldstein, Attorney-General* (*P. Hodges Combier* of counsel), for unknown distributees.

*Thomas V. Tozzi,* special guardian for Joseph Pick, a person whose whereabouts is unknown, and others.

HENDERSON, S. This is a proceeding for the judicial settlement of the account of the administratrix *c.t.a.* and for the construction of certain portions of decedent's will. .

The decedent died on November 13, 1943, leaving a last will and testament dated the 28th day of May, 1924. The instrument was prepared by the decedent himself who was not a lawyer.

By his will, the decedent divided his residuary estate into twenty-two parts. In a number of instances, he gave parts of the residue to legatees who were husband and wife. The language creating such legacies is uniform and the following is an example: " One-twenty second 1/22 to Mr. and Mrs. Charles Dauchert now residing at 300 Seventh Ave. Brooklyn, New York."

In respect to the above-mentioned legacy, Charles Dauchert predeceased the decedent and the wife survived him. With reference to four other similar legacies, the husbands likewise predeceased the decedent and their wives survived him.

The residuary estate consisted of both realty and personalty.

The petitioner contends that joint tenancies were created and that the surviving spouses took the entire amounts of the respective legacies in each of the afore-mentioned instances.

The provisions of the will fail to disclose any express language indicating that the spouses were given the right of survivorship.

Accordingly, it must be held that the fund in each instance passed in equal parts to each of the legatees named as tenants in common (Real Property Law, § 66; *Matter of Snell*, 173 Misc. 282) and therefore that the surviving spouses take a one forty-fourth share of the estate and the remaining one forty-fourth passes as intestate property.

The argument of the petitioner that, since each surviving couple was entitled to inherit decedent's realty as tenants by the entirety, each spouse surviving the testator would therefore be entitled to the entire amount of the devise, is without merit.

The will of the decedent speaks as of the date of his death, at which time five of the spouses had already predeceased him. The marital relationship which is the basis for the creation of a tenancy by the entirety was, in those five instances, destroyed. Upon the termination of that relationship and the absence of any language in the will expressing an intention to create a joint tenancy, the court would not be warranted in transforming the ownership into that of a joint tenancy without clearly violating the provisions of section 66 of the Real Property Law (*Stelz* v. *Shreck*, 128 N. Y. 263).

The proof before the court on the question of the right of the decedent's father to inherit as a distributee, clearly establishes that he neglected to provide for the decedent during his infancy and that he abandoned the decedent during infancy.

No distributive share will therefore be allowed to him and the share which he would otherwise get will be distributed to decedent's distributees in accordance with the laws of intestacy in the same manner as if the decedent had survived his parent (Decedent Estate Law, § 87, subd. e).

The only known relatives are certain first cousins on decedent's maternal side.

The petitioner argues that the effect of the last-mentioned statute is to eliminate as a distributee of the decedent any person on the paternal side, and to make the first cousins on the maternal side the sole distributees.

An examination of the statute does not indicate any such interpretation. According to the express language of the last paragraph of section 87 of the Decedent Estate Law, the estate must be distributed " in accordance with the other provisions of this article, as though such * * * parent had predeceased the decedent.'' There is nothing contained in any of the provisions of article 3 of the Decedent Estate Law which would disqualify a person as a distributee because of a relationship to the decedent through the decedent's father. The cases cited by the petitioner dealing with the manner of distributing an estate of an intestate who has been murdered by a distributee are not analogous.

The contention of the petitioner's attorney, that the debts of the decedent, funeral and administration expenses are chargeable in the first instance to the intestate portion of the estate, is overruled. The cases cited in support of this contention are not in point.

The property which passes to the distributees is that portion of the residue which has lapsed. Before the amount of the residue can be determined, all prior charges against the estate must be deducted (*Matter of Smallman*, 138 Misc. 889, 910).

The petitioner has failed to exclude the possible existence of persons on the paternal side who would share in this estate. By reason of this failure, no part of the fund which passes by intestacy may be presently distributed since there may be persons in existence who would inherit to the exclusion of decedent's first cousins or who would share equally with such cousins. For this reason, the decree to be entered hereon will direct that this fund and the proceeds of the sale of realty passing on intestacy to the unknown, distributees be paid into

the Treasury of the State of New York pursuant to the provisions of section 272 of the Surrogate's Court Act.

The objections of the special guardian to the account are determined as follows: (a) Dismissed; (b) The reasonable value of the legal services rendered by the attorneys for the petitioner is $5,000 for all services up to and including the entry of the decree to be entered hereon. The petitioner's claim for credit in schedule ''C'' for attorney's fees will be reduced by the sum in excess of the above-mentioned amount which is chargeable to the unknown distributees, and that sum will be added to their share.

Settle decree accordingly.