In the Matter of the Accounting of TITLE GUARANTEE & TRUST COMPANY, as Substituted Trustee under the Will of SOLOMON CANE, Deceased.

Surrogate's Court, New York County, July 8, 1949.

*Harold Swain* for substituted trustee, petitioner.

*Bain & Hoopes* for Manufacturers Trust Company, as executor of Abraham Cane, respondent.

FRANKENTHALER, S. The will of deceased bequeaths a general legacy and a fractional share of the residuary estate to his brother. A codicil to the will, explicitly stating that its execution was occasioned by the brother's death, revokes the general legacy and directs that the amount of the legacy shall comprise a part of the residuary estate. In this accounting proceeding questions have been raised as to the disposition to be made of the share of the residuary estate bequeathed to deceased's brother. The accounting trustee inquires as to whether this share of the residuary estate passes as intestate property of deceased or is saved for the descendants of the brother by force of section 29 of the Decedent Estate Law. That statute is inapplicable to a will containing evidence of an intention that the statute is not to be operative. (*Pimel* v. *Betjemann,* 183 N. Y. 194; *Matter of Neydorff,* 193 App. Div. 531; *Matter of McKeon,* 182 Misc. 906; *Matter of Agrella,* 175 Misc. 456; *Matter of Loeb,* 34 N. Y. S. 2d 65). In the instant case such intention is apparent from the express revocation of the legacy to the brother and from the direction in the tenth clause of the will reading: " The interest or part of any of the said residuary legaties [*sic*] hereby devised who shall predecease me shall form and become part of my residuary estate to be divided as provided by the ' Ninth ' clause hereof." The quoted text serves the dual purpose of rendering section 29 of the Decedent Estate Law, inapplicable and of avoiding partial intestacy. While precise reference in the codicil would have resolved any question as to the effect of the brother's death upon the apportionment of the residuary estate, the failure to exercise such precaution does not obscure deceased's purpose. His plain intention was to effect a division of the residuary estate among the surviving residuary legatees. Accordingly, it is held that such legatees are entitled to the residuary estate in the proportions stated in the will on the basis of a denominator of seven instead of a denominator of eight.

The proposed payment for the care of deceased's burial plot, pursuant to the direction in the will, is held to be reasonable in amount and is approved.

Submit decree on notice construing the will and settling the account.