W. Newcomb Calyer, S.
The decedent died on January 4, 1954, leaving a last will and testament dated July 23, 1952, which was duly admitted to probate by the Surrogate’s Court of Orange County on June 25, 1954.
By paragraph “ Fourth ” of her last will and testament, said decedent provided as follows: “ Fourth; I give and bequeath to my sisters and brother, me surviving, being Virginia Demerest of Chester, New York, Amt Board of 37th Street, New York City, New York, Mart King of Warwick, New York, and Clarence Board of Chester, New York, each the sum of Twenty-Five Hundred Dollars ($2500.00).”
Virginia Demerest predeceased the decedent and left her surviving her children, James S. Demerest, Jr., Virginia Board Demerest Decker and William M. Demerest. Upon his final accounting herein, the executor, acting upon the advice of Ms attorney treated the legacy of $2,500 bequeathed to Virginia Demerest as a lapsed legacy and the final decree entered April 11, 1955 settling the accounts of the executor made distribution of said legacy of $2,500 to Elizabeth Hall Moser as donee of a power in trust for Gilbert Hall Moser, the residuary legatee named in said will. Since the entry of this decree a question has arisen whether this distribution was legal and proper, or whether such legacy passed to the children of Virginia Demerest in accordance with the provisions of section 29 of the Decedent Estate Law. The decree of April 11, 1955 has been opened and tMs proceeding entertained by the Surrogate. No issue exists as to the facts and the disposition of tMs proceeding is predicated upon the interpretation and effect of paragraph “Fourth” of the said will and the application of the law thereto.
It has been argued in support of the distribution made by the executor that the gift to the sisters and brother of the decedent who survived her, created a gift to a class. If this were so, the provisions of section 29 of the Decedent Estate Law would not apply to save the gift from lapsing. (Matter of Harris, 138 Misc. 287; Matter of Stebbins-Vallois, 99 N. Y. S. *938 2d 402; Matter of Clavin, 120 N. Y. S. 2d 659; Matter of Long, 121 N. Y. S. 2d 183.)
If the language used by the testatrix does not create a gift to a class, the provisions of section 29 of the Decedent Estate Law prevent the gift from lapsing, unless the will indicates a contrary intention. Consequently, the first question to be determined is whether this language creates a class gift.
A class gift has been defined as a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at some future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number. The situation in this case is similar to that presented to the court in Matter of Kimberly (150 N. Y. 90). The number of persons was certain at the time of the gift, the share each was to receive was also certain, was in no way dependent for its amount upon the number who should survive. Consequently, the gift in the will now being construed is not a gift to a class. (Matter of Kimberly, supra; Matter of King, 200 N. Y. 189.) The next question to be determined is whether the provisions of section 29 of the Decedent Estate Law prevent the gift from lapsing. It has been held that in enacting this provision, the Legislature did not intend to nullify the right of a testator to select his legatees and to impose his own conditions upon a legacy (Matter of McKeon, 182 Misc. 906; Matter of Neydorff, 193 App. Div. 531; Matter of Loeb, 34 N. Y. S. 2d 65). It has also been held that section 29 of the Decedent Estate Law does not apply when the intention of the testatrix to exclude the legacy from the effect of this section is clearly expressed in the will. (Matter of Loeb, supra; Matter of Stebbins-Vallois, supra; Matter of Collins, 177 Misc. 80; Matter of Northrip, 258 App. Div. 71, affd. 282 N. Y. 797.)
Surrogate Foley, in his opinion in the Loeb case (supra, p. 67), stated this position as follows: “ The provisions of the section have been uniformly determined to create only an inference or presumption of intention on the part of a testator to benefit the descendant or a legatee who comes within the statutory class or relationship of a descendant or a sister or brother of the testator. It is inapplicable where the testamentary instrument gives evidence of a contrary intent. ’ ’ Such an intention is clearly indicated in this will by the use of the words “ me surviving ’ ’. Since Virginia Demerest did not survive the decedent, the condition imposed by the will was not fulfilled, and the case falls squarely within the language used by Surrogate Foley in the Loeb case (supra), when he said, at page 67, “ Here *939 the testatrix herself eliminated the application of the section to her will by her express declaration that survivorship at her death was required to qualify a legatee in his or her right to take a share of the residue. The class of beneficiaries was strictly limited by her to those who were living at her death. Thereby substitution under the statutory plan of Section 29, Decedent Estate Law, was excluded.”
It is, therefore, held that the bequest to Virginia Demurest lapsed and became part of the residuary estate, and that the distribution directed in the decree entered herein on April 11, 1955, was proper.
Submit decree in accordance herewith.