John J. Dillon, S.
This is a construction proceeding instituted by the executors and trustees for the purpose of resolving various questions relating to the administration and ultimate distribution of the estate.
The court is asked to determine:
(1) The identity of the persons designated in subdivisions “ c ” and “ d ” of article “ twenty-ninth ” as a“ niece, Louise McCann, daughter of Harry McCann, deceased ’ ’ and ‘ a niece, Margo McCann ’ ’. The court concludes from an analysis of the will and the uncontroverted allegations of the petition that Louise McCann Kessinger and Margaret McCann Sullivan are the persons the testatrix intended to benefit under these provisions of her will.
*642 (2) Article “ twenty-seventh ” of the will provides as follows: “twenty-seventh: I give and devise to my brother, James McCann, and sister-in-law, Bose McCann, my dwelling house, with the buildings and grounds connected therewith, situate at 14 Lincoln Avenue, in the Town of Bye, Westchester County, New York, in fee, for their use and benefit, and it is my wish that my house man and house maid, Peter Chila and Josephine Chila, are to remain and reside in the house for five (5) years after my demise, and that all household expenses for heat, light, gas, taxes, insurance (fire and public liability), repairs, etc., are to be paid by my estate during the time that the said Peter Chila and Josephine Chila are living in my said residence.”
The petitioners seek a determination as to whether the provisions in favor of Peter and Josephine Chila are mandatory, thereby vesting such persons with an estate in the real property for a period of five years, or whether such provisions are merely precatory and without binding effect. It is well established that where there is an absolute and unqualified gift to beneficiaries, as in the first portion of article “ twenty-seventh ” to James McCann and Bose McCann, such gift may not be diminished by subsequent provisions of a will, unless the testamentary language unequivocally manifests such an intention. (Tillman v. Ogren, 227 N. Y. 495, motion for reargument denied 228 N. Y. 559.) In Post v. Moore (181 N. Y. 15) the testator disposed of his entire estate in favor of his wife and designated her as the executrix. In a subsequent portion of the will the testator provided “ It is my wish and desire that my said wife shall pay the sum of three hundred dollars a year to my sister-in-law ”. The court held that the language above quoted was merely precatory and did not create any enforcible right in favor of testator’s sister-in-law.
In cases such as Phillips v. Phillips (112 N. Y. 197) and Collister v. Fassitt (163 N. Y. 281), where words expressive of a wish or desire have been interpreted as mandatory, the intention of the testator had been clearly manifested. In analyzing the present will, it is noteworthy that under article “ fourth ” the testatrix bequeathed all of the rugs and carpets in her residence to a niece and that under article “ twenty-eighth ” she bequeathed all of the furnishings and household goods and effects to a brother and sister-in-law. If the testatrix had intended the Chilas to have the use and benefit of the homestead for a period of five years, it would logically follow that she would also have subjected the bequests of furniture and household furnishings to a charge in their favor during the period of *643 their occupancy and thus given them the use of something more than an empty house.
On June 3,1958 a hearing was held for the purpose of adducing evidence to assist the court in determining whether the provisions in favor of Peter and Josephine Chila were mandatory or precatory. The evidence produced at such hearing failed to reveal any circumstances existing at the date of execution of the will which would sustain the position urged on behalf of Peter and Josephine Chila. Accordingly, the court determines that the language contained in article “ twenty-seventh ” of the will in favor of Peter and Josephine Chila is merely precatory and of no binding effect.
(3) Under articles “twenty-seventh” and “twenty-eighth ” the testatrix devised a parcel of real property and bequeathed legacies to her brother “ James McCann and sister-in-law Rose McCann ”. James McCann predeceased his sister, survived by a child, and the court has been asked to determine whether a joint tenancy or a tenancy in common was created by the testatrix under the aforesaid provisions of her will. Section 66 of the Real Property Law provides that “ Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy ”. In Matter of Walker (277 App. Div. 811) the court held that a testamentary gift to a husband and wife “ and to the survivor of them ” resulted in a tenancy in common rather than a joint tenancy on the ground that such language was not “ so clear and explicit as to overcome the strong statutory presumption of tenancy in common ’ ’. To the same effect is Matter of Haaser (187 Misc. 368).
It is well settled that section 66 of the Real Property Law applies to personal as well as real property. (Overheiser v. Lackey, 207 N. Y. 229; Matter of Snell, 173 Misc. 282.) The court determines that the testatrix did not intend to create a right of survivorship in favor of her sister-in-law and that under the provisions of the will a tenancy in common rather than a joint tenancy was created with respect to the gifts disposed of under articles “twenty-seventh” and “twenty-eighth” of the will.
(4) Under article “ twenty-ninth ” the testatrix disposed of her entire residuary estate and among other things directed that “ all property herein attempted to be disposed of, the disposition whereof by reason of lapse or other cause shall fail to take effect ” shall be included in the residuary estate. The daughter of James McCann contends that the specific devise of the homestead and the specific bequests of the furnishings contained in *644 articles “ twenty-seventh ” and “twenty-eighth” in favor of her father do not lapse by reason of his having predeceased the testatrix, but vest in her by operation of law. Section 29 of the Decedent Estate Law provides that a devise or bequest to a descendant or brother or .sister of a testator who predeceases the testator shall not lapse but ‘ ‘ shall vest in the surviving child or other descendant of the legatee or devisee ’ \ It has frequently been held that this provision merely creates an inference or presumption on the part of the testator to benefit the descendants of a beneficiary who come within the prescribed statutory class and that such section has no application where the testator has manifested a contrary intention. (Matter of Neydorff, 193 App. Div. 531; Matter of Northrip, 258 App. Div. 71; Matter of Agrella, 175 Misc. 456; Matter of McKeon, 182 Misc. 906; Matter of Koorbusch, 199 Misc. 861; Matter of La Prejato, 3 Misc 2d 936.) The present will contains no provision indicating that the testatrix intended that the gifts in favor of James McCann under articles “twenty-seventh” and “ twenty-eighth ” were not to vest in his daughter. In Matter of Neydorff (supra) the testator made no provision for any of the children of his brothers and sisters, except for one niece, and the court held (p. 532) that “it is obvious that the testator intended to exclude the remaining children of these brothers from his bounty ’ ’. In the instant case, the testatrix specifically bequeathed all of the ‘ rugs and carpets in my residence ” to her niece, the daughter of James McCann.
In Matter of Buechner (226 N. Y. 440, 443, 444) it was said that “ Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be consistent and significant ’ ’. The legacies bequeathed to James McCann under articles ‘ third ’ ’ and ‘ ‘ eleventh ’ ’ were expressly conditioned on his surviving the testatrix and with respect to such legacies, it is well established that section 29 of the Decedent Estate Law is inapplicable. (Matter of Cane, 196 Misc. 158; Matter of La Prejato [supra]; Matter of Loeb, 34 N. Y. S. 2d 65.) But the specific devise and specific bequests in favor of James McCann under articles “twenty-seventh” and ‘ ‘ twenty-eighth ’ ’ of the will contain no provision making survivorship a condition of vesting. Accordingly, if the provisions of article “third” and “eleventh” relating to survivorship are not to be rejected as meaningless, the court must necessarily conclude that the absence of such provisions in article “ twenty-seventh ” and “ twenty-eighth ” was intentional. The court determines that with respect to the property disposed of under articles “twenty-seventh” and *645 “ twenty-eighth ” of the will, the testatrix did not manifest an intention to defeat the presumption created by section 29 of the Decedent Estate Law, and that consequently the gifts in favor of James McCann under those articles of the will vest in his sole surviving issue pursuant to the statute.
(5) Upon the termination of each of the trusts created under the residuary clause, the principal thereof is payable to the issue of the income beneficiary. Article “thirtieth” of the will provides in effect that if the income beneficiary of any of the trusts fails to leave issue surviving, the principal of such trust is distributable to those persons who would qualify as distributees of the testatrix if she had died immediately subsequent to the termination of the trust. This contingency has actually occurred in the case of one or more of the trusts.
Under article ‘ ‘ thirty-fifth ’ ’ of the will the testatrix expressly stated that she had “intentionally and with full knowledge made no provision herein for my brothers, Mark Elmo and Edward Elmo ”. Both of the brothers named in article “thirty-fifth” of the will predeceased the testatrix survived by issue who qualify as distributees of the testatrix. It is the contention of one of the special guardians that such issue are precluded from receiving any portion of the residuary estate by reason of the provisions of article “thirty-fifth”. It is sufficient to say that the court finds nothing in that article or elsewhere in the will disclosing an intention to exclude the issue of the two brothers from the benefits of article “ thirtieth ”, and it is accordingly held that the descendants of Mark and Edward Elmo are entitled to share in the portion of the residuary estate passing under that article.
(6) Under subdivision “ I ” of article “ thirty-two ”, of the will, the testatrix authorized her executors and trustees to apportion ‘ ‘ stock dividends and liquidating dividends * * * in such manner as they may deem fit ”. The court has been requested to determine whether the aforesaid provision vests the petitioners with broad discretionary powers or whether they are bound by section 17-a of the Personal Property Law which provides that all stock dividends must be allocated to principal. The testatrix expressly empowered the executors and trustees to determine the apportionment of stock dividends, and accordingly their judgment rather than the provisions of the statute must be decisive in making the apportionment. (Matter of Matthews, 280 App. Div. 23, affd. 305 N. Y. 605.)
(7) The court determines that two of three specific bequests made by the testatrix under articles “ninth”, “twenty-first” and “twenty-second” have adeemed, and that the *646 remaining bequest must fail for lack of identification of the beneficiary and accordingly passes as part of the residuary estate.
(8) Two of the trusts created under the residuary clause have terminated by reason of the death of the respective income beneficiaries and in order to distribute the principal of such trusts, it is necessary to determine which of such beneficiaries died first. Accordingly, this matter is restored to the calendar for September 2, 1958, at 10:30 a.m. for the purpose .of setting a date for a hearing to resolve such issue.
Settle decree.