Joseph A. Cox, S.
The final paragraph of the Ninth Article of the will of the testatrix explicitly provides that title to the legacies directed to be paid from the residuary trust shall vest only at the death of the beneficiary upon whose life the trust was measured. Were it not for this explicit direction the legacies payable from the trust remainder would have vested in the named legatees upon the death of the testatrix and now would be payable to their legal representatives (Matter of Montgomery, 258 App. Div. 64, affd. 282 N. Y. 713; Matter of Evans, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571; Matter of Watson, 262 N. Y. 284; Matter of Cole, 17 Misc 2d 352) and, for like reasons, the legacy bequeathed under paragraph K of the Ninth Article would be divisible in equal shares between the estate of the deceased legatee and the sur *932 vivor of the two named legatees (cf. Matter of Haaser, 187 Misc. 368; Matter of Moore, 13 Misc 2d 640). However, in view of the contrary direction in the will, it is held that the estates of the legatees who predeceased the trust beneficiary acquired no beneficial interest under the will and these legacies are distributable as intestate property of the testatrix.
The fee of the attorney trustee is allowed in the total amount of $750. In so evaluating the services the court has taken into consideration the distinction which necessarily must be made between legal services and services rendered by the attorney in his fiduciary capacity for which he has been compensated by statutory commissions.
Submit decree on notice.