George B. Parsons, S.
The decedent made her will on the 28th day of March, 1957. She died July 24, 1958. Her will was admitted to probate in Wayne County Surrogate’s Court on September 2, 1958.
This is a proceeding for judicial settlement of the accounts of the Central Trust Company and Charles S. Brower, as executors of the estate.
Under the second paragraph of her will she bequeathed to her brother, Albert Bennett, and Bose Bennett, his wife, an undivided one-fourth interest in real estate situated on the north side of East Main Street in the Village of Williamson, Wayne County, New York. The wording of the devise is as follows: ‘ ‘ second : I give and devise to my brother and sister-in-law Albert Bennett and Bose Bennett, his wife, my undivided interest in the residence property of my late father on the north side of East Main Street, in the Village of Williamson, Wayne County, New York.”
Albert Bennett predeceased the testatrix, B. May Bennett, and died intestate. Albert Bennett at the time of his death left him surviving a wife, Bose Bennett, who is now living and resides at Williamson, Wayne County, New York, and two daughters, Elizabeth Pillsbury and Alice Timme, as his sole and only heirs at law and next of kin.
Construction is sought in whether under said paragraph ‘ ‘ second ’ ’ of the will an undivided one-fourth interest in real estate situate in the Village of Williamson, descended on to Bose Bennett, wife of Albert Bennett, or to Elizabeth B. Pillsbury and Alice B. Timme as the sole and only heirs at law and next of kin of Albert Bennett.
Memoranda has been submitted by Chamberlain, D’Amanda, Bowman & Brundage; attorneys for Elizabeth Pillsbury and Alice Timme, and by Charles C. Congdon, attorney for the executors. These memoranda have been read by the court as well as all of the cases or at least the portion of said case applicable, which have been cited by the attorneys.
As both parties have indicated, the question arises here as to the intention of the testatrix. It must be admitted that the wording as such is definite and there would be no question in respect to the devise if both Albert Bennett and Bose Bennett had survived the testatrix. The fact, however, of the death of Albert Bennett poses the question now before the court. Mr. *507 Chamberlain has pointed out the will was drawn by able counsel and it must be assumed that they obtained information from the testatrix as to her intent. This may be so but the court is of the opinion that since they did not expressly state that intent one way or the other in the ‘ ‘ second ’ ’ paragraph that it therefore becomes the duty of the court to rule on the disposition.
The court has read all of the cases, or at least that portion thereof applicable, which have been cited by both attorneys. In addition, the court has read the following cases: Herzog v. Title Guar. & Trust Co. (82 N. Y. S. 355, mod. 85 App. Div. 549, revd. 177 N. Y. 86); Matter of Hitchins (43 Misc. 485); Matter of Vanderbilt (172 N. Y. 69); Manice v. Manice (43 N. Y. 303); Matter of Coolidge (85 App. Div. 295); Matter of Morrison (270 App. Div. 318); Matter of Menick (124 N. Y. S. 2d 573); Matter of Johnson (167 Misc. 588); Matter of Hehrs (167 Misc. 211) and Matter of Moore (13 Misc 2d 640 [1958]).
The court likewise is basing its decision on section 66 of the Beal Property Law and section 29 of the Decedent Estate Law.
There are, of course, broad powers given to the Surrogate in respect to construction and interpretation of a will. These have been taken into consideration in connection with Mr. Congdon’s brief and in reading the cases which he cited. However, after considerable study, the court feels that it is untenable to hold any way except to follow the line of the 1958 decision as set forth in the case listed as Matter of Moore (13 Misc 2d 640) which follows- even more strongly the Overheiser v. Lackey case of 1912 (207 N. Y. 229). These cases are still quoted in the annotations under section 66 of the Beal Property Law and section 29 of the Decedent Estate Law.
In the case at point a devise was made by the testatrix to her brother and sister-in-law, which is the same as the devise made in the Moore case (supra). In the Moore case there was a descendant of the brother who had predeceased the testatrix the same as there are descendants, in the case at point, of the brother Albert Bennett who predeceased the testatrix May Bennett.
This court rules with the verbiage in the Moore case (supra) and with the holding in the Overheiser case (supra). The court feels that in the case at hand it must rule that where the testatrix devised realty to her brother and sister-in-law and the brother predeceased the testatrix, survived by descendants that, the testatrix did not intend a right of survivorship in favor of the sister-in-law and that a tenancy in common rather than a joint tenancy was created here as to the real property devised in paragraph (2) of the last will and testament of *508 B. May Bennett. This is ruled in view of section 66 of the Beal Property Law providing that every estate granted to two or more persons shall be a tenancy in common unless expressly declared to be devised as a joint tenancy or unless there is some language in the will so strong as to overcome the presumption of tenancy in common set forth by section 66. The court does not find that there is any presumption strong enough to prevail against section 66. This conclusion is reached after reading and construing the will as a whole and in its entirety.' Contention was made here that the testatrix by not executing another will showed some evidence of her intentions. This could be, although the absence of subsequent wills is not too strong as evidence of intention since there are too many surrounding circumstances as well as the mental workings of the testatrix which are not before the court. If an assumption were to be made in respect to her failure to draw another will it could be assumed that her intentions followed section 66, and she did not feel it necessary to draw another will just as strongly as any other assumption.
The case law is quite strong on this question of creation of tenancies by will and the court will hold with these cases cited and with the law that every estate granted or devised to two or more persons in their own right, which is the situation here, shall be a tenancy in common unless expressly declared to be a joint tenancy, which is even more strongly upheld in the matter of the Walker will where devise was to legatees or survivor but the court held that there resulted a tenancy in common rather than a joint tenancy, on the ground that even such language was not so clear and implicit as to overcome the strong statutory presumption of tenancy in common.
Therefore, the court finds that Bose Bennett did not take as surviving tenant by the entirety. The court does find, with the law and the cases, that the devise was to Albert Bennett and Bose Bennett as tenants in common.
By virtue of the fact that Albert Bennett, her husband, died prior to the decedent, the court must also decide the question of where this property now vests. Section 29 of the Decedent Estate Law provides that a devise or bequest to a descendant or brother or sister of testator who predeceased the testator was not lapsed but was vested in the surviving child or descendant of the legatee or devisee. It is true that some cases have held that this provision merely creates an inference or presumption on the part of the testator to benefit the descendant of a beneficiary, such as there is in this case, and that the section will not apply if the testator has manifested a contrary *509 intention. This is not true, however, in the present will. There is no provision indicating that the devise in paragraph (2) was not to vest in the descendants of Albert Bennett, namely, Elizabeth B. Pillsbury and Alice B. Timme, children of Albert Bennett. On the contrary the will of May Bennett indicates that most of her bounty was to go to Elizabeth Pillsbury, Alice Timme and S. Pauline Bennett. Therefore, there is-not sufficient inference or presumption, and, as a matter of fact, no inference or presumption that the testatrix did not intend to benefit the two daughters of Albert Bennett.
Therefore, the court rules that since it has decided that this devise was given to Albert and Bose Bennett, as tenants in common, that, under the construction of the will, section 29 of the Decedent Estate Law shall prevail and the fact that Albert Bennett predeceased the testatrix does not effect a lapse of the devise in paragraph (2) but said devise shall vest in the surviving children of Albert Bennett.
Let an order enter accordingly.