In the Matter of the Estate of ELIZABETH T. HOWES, Deceased.

Surrogate's Court, New York County, May 7, 1962.

*E. Robert Giuntini* for John Carlin and another, petitioners. *Victor D. Borst, Jr.,* executor in person, and for Alfred C. Wheeler and others, respondents. *George B. Fargis* for Roman Catholic Church of St. Ignatius Loyola, respondent.

JOSEPH A. COX, S. The testatrix bequeathed general legacies to her four sisters, Mrs. Carlin, Mrs. Levoie, Mrs. Rodgers and Mrs. Wheeler. She provided that, in the event Mrs. Wheeler

should predecease her, the legacy which Mrs. Wheeler would have received had she lived be paid to her husband and children in equal shares. The testatrix further provided that, in the event any one of the three sisters first mentioned above should predecease her, the share which such sister would have received had she lived be divided equally among the survivors of these three sisters. The will also bequeathed general legacies to three nieces, general legacies to four sisters of the deceased husband of the testatrix, a general legacy to a friend and a bequest for Masses. The residuary estate is bequeathed to three sisters of the deceased husband of the testatrix.

The three first-mentioned sisters of the testatrix predeceased her and, by reason of such fact, this proceeding was instituted to obtain a construction of the will and a determination of the disposition to be made of the general legacies which the will provided for these predeceased sisters. The petitioners in this proceeding are children of Mrs. Carlin and it is their contention that the legacy bequeathed to their mother passes to them by operation of section 29 of the Decedent Estate Law. This statutory provision was enacted to avoid the lapse of bequests to certain near relatives of a testator and the purpose of the statute was to fulfill an unexpressed intention of the testator by providing a disposition of a legacy in circumstances where the testator's failure to provide a disposition could be regarded as an oversight on his part (*Matter of Conay*, 121 N. Y. S. 2d 486, 488). The statute was not intended either to establish a public policy or to substitute a legislative intent for a testamentary intent and, accordingly, the statute is without application if it is evident from a will that the failure to provide for the passing of a legacy in conformity with the statute is not an oversight and the statutory disposition would not be in harmony with the testator's testamentary purpose (*Pimel* v. *Betjemann*, 183 N. Y. 194; *Matter of Neydorff*, 193 App. Div. 531; *Matter of Stebbins-Vallois*, 99 N. Y. S. 2d 402; *Matter of Cane*, 196 Misc. 158; *Matter of Koorbusch*, 199 Misc. 861; *Matter of Parker*, 15 Misc 2d 162; *Matter of Moore*, 13 Misc 2d 640; *Matter of Carleton*, 3 Misc 2d 677; *Matter of Loeb*, 34 N. Y. S. 2d 65; 2 Davids, New York Law of Wills, § 683).

In this will it is apparent that the testatrix was fully aware of the possibility that her sisters could predecease her and also that certain of her sisters could leave descendants. The testatrix provided that the legacy to her sister Mrs. Wheeler would pass to the latter's husband and children and, in view of this, it cannot be said that the failure of the testatrix to make like provision with regard to Mrs. Carlin was an oversight. The

provision for survivorship among her other sisters establishes beyond question that the testatrix foresaw the contingency of a sister predeceasing her and, in such event, did not intend to benefit the issue of such sister. The general bequests to members of the husband's family and the residuary gift to the husband's sisters are strong indications that this testatrix was not disposing of her assets along blood lines and it must be assumed that she had good and sufficient reasons for such dispositions. Examining the entire dispositive plan, it seems clear that the motivation which prompted the enactment of section 29 of the Decedent Estate Law was not the motivation in back of this will and that a need for " saving " this legacy for blood relatives does not here exist. It is held that the legacy in question is disposed of by the gift of the residuary estate.