Ronald G. ROSSI, Appellant,

v.

Beatrice M. ROSSI, Appellee.

No. 289.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 5, 1969.

Rehearing Denied Dec. 10, 1969.

Russell T. Van Keuren, Baggett, Kirk, Van Keuren & Gordon, Houston, for appellant.

Seymour Lieberman, Houston, for appellee.

SAM D. JOHNSON, Justice.

Suit for the construction of the will of E. A. Rossi, who died January 9, 1965. His will was dated July 16, 1954. The suit was brought by the appellant, Ronald G. Rossi, who was a grandson of the testator. The parties are identified by their kinship to the testator.

The testator, E. A. Rossi, was married three times. The third marriage was to Beatrice Mason Rossi. The testator had one child by this marriage, Jan Adrian, a minor, represented in this suit by her guardian, Beatrice Rossi, her mother. The daughter, Jan Adrian, is an appellee. Testator's second marriage ended in divorce and there were no children born of this union. By his first marriage the testator had three children, Jean, Evalyn and Rene. Jean died unmarried and without issue prior to the date of the will. Evalyn, an appellee, is a party defendant to the suit who was 30 years of age at the time of trial. The two daughters, Jan Adrian and Evalyn, will be herein referred to as "the daughters." Rene died intestate July 22, 1961 after the

execution of the will but prior to the death of the testator. Rene will be herein referred to as "the son." At the time of his death Rene left surviving him one child, Ronald G. Rossi, born September 11, 1947. It is this grandson of the testator, Ronald G. Rossi, who brought this suit as plaintiff below and who is the appellant herein. Ronald G. Rossi will be herein referred to as "the grandson." Other than those named, E. A. Rossi had no other children, decedents of deceased children or adopted children.

By the terms of his will the testator, E. A. Rossi, made one specific bequest and then bequeathed the remainder and bulk of his estate as follows: ⅜ths to his daughter, Evalyn Rossi, ⅜ths to his daughter, Jan Adrian and ¼th to his son, Rene. In addition the testator created a trust which terminates when his daughter Evalyn reaches 35 years, naming his wife, Beatrice Mason Rossi, trustee. The testator then recited that he had made other arrangements concerning property and bequests for his wife, and designated her, Beatrice Mason Rossi, as independent executrix.

This contest involves the construction of E. A. Rossi's will and a determination as to who takes as between the daughters, appellees herein, and the grandson, Ronald G. Rossi. Trial below was to the court which entered judgment that the plaintiff grandson, Ronald G. Rossi, take nothing in his suit against the daughters, defendants and appellees herein.

The language from which this lawsuit arises appears in paragraph 4 of E. A. Rossi's will:

"4) In the event that my son, Rene Rossi, shall die before he has come into the whole of the bequest left to my executrix, her successor or successors, for his benefit, then the undistributed part of my estate at the time of his death shall go to my daughters, Evalyn Rossi and Jan Adria Rossi, in equal shares, and in the event one of my daughters shall predecease my son, then the surviving daughter shall have the whole of such undistributed part of my estate. In the event both of my daughters shall pre-decease my son and he should die before he has come into the whole of the bequest left to my executrix, her successor or successors, for his benefit, then the undistributed part of my estate at the time of his death shall go to my wife, Beatrice Mason Rossi."

Restating the pertinent portion of paragraph 4, the testator provided, "In the event that my son, Rene Rossi, shall die before he has come into the whole of the bequest * * * then the undistributed part * * * at the time of his death shall go to my daughters * * *." It is undisputed in the record that the trustee had not paid out or disturbed anything from the testator's estate except a diamond ring. This was only a small fractional part of the testator's estate.

E. A. Rossi, the testator, made his will over seven years prior to the death of his son, Rene. Following his son's death, the testator, E. A. Rossi, lived some 3½ years. The grandson, Ronald G. Rossi, now contends that he takes the one-fourth interest bequeathed to his father under Sec. 68 of the Probate Code, V.A.T.S., commonly called the "anti-lapse statute." Such section provides:

"Where a testator shall devise or bequeath an estate or interest of any kind by will to a child or other descendant of such testator, should such devisee or legatee, during the lifetime of such testator, die leaving children or descendants who shall survive such testator, such devise or legacy shall not lapse by reason of such death but the estate so devised or bequeathed shall vest in the children or descendants of such legatee or devisee in the same manner as if he had survived the testator and died intestate."

The daughters on the other hand contend that the testator's intention was clearly evidenced in his will, and that such intent was that they were to take as a gift over, if

prior to a full distribution of the estate, upon the contingency of the death of the son Rene. Appellees assert that when Rene predeceased the testator, the gift over took effect and vested the son's share of E. A. Rossi's estate in his daughters to the express exclusion of the grandson.

Based upon the foregoing contentions the trial court entered its judgment that the grandson take nothing and found for the daughters. Thereafter, upon the grandson's motion, the trial court made certain Findings of Fact and Conclusions of Law as follows:

"FINDINGS OF FACT:

"1. When Elmore A. Rossi executed his Will on July 16, 1954, Rene Rossi was living.

"2. Thereafter, on July 22, 1961, Rene Rossi died, survived by Ronald Rossi, Plaintiff herein.

"3. Elmore A. Rossi, Testator, died on January 9, 1965, survived by Beatrice M. Rossi, his wife, and his two daughters, Evalyn Rossi Jones and Jan Adrian Rossi.

"4. That on the 27th day of April, 1965, the Will of Elmore A. Rossi was admitted to probate in the County Court of Harris County, Texas.

"5. That Beatrice M. Rossi was appointed and qualified as Independent Executrix of the estate of Elmore A. Rossi.

"6. That at the time of death of the Testator, Elmore A. Rossi, Rene Rossi had been dead for 3½ years.

"7. The Court finds that it was the intention of the Testator, Elmore A. Rossi, that his daughters take his estate upon the death of the first taker, Rene Rossi, to the exclusion of the children or descendants of Rene Rossi."

"CONCLUSIONS OF LAW:

"1. The principle criterion in the construction of a Will is to arrive at the intention of the Testator from the four corners of the instrument itself, including all the provisions and words contained therein, and then, if not against public policy, to enforce such intention.

"2. A Will speaks from the date of death of the Testator and not as of the date of the execution of the Will and conveys no present right and vests nothing during the life of the Testator.

"3. A lapse upon the death of the first taker (Probate Code Sec. 68), Rene Rossi, did not exist because the Testator in paragraph 4 of his Will (hereinafter set out) expressly designated his daughters as contingent beneficiaries upon the death of the first taker."

The grandson first contends that the trial court erred in failing to render judgment that he was entitled to one-fourth of the testator's estate. This contention must be overruled. In reaching this determination it is noted that this is a case of first impression in this state for Texas courts have not previously passed on the construction of a gift over which defeats the operation of our Anti-Lapse Statute.

■ Our Anti-Lapse Statute contains no indication that it is intended to take effect if there is a gift over to properly identified beneficiaries. The statute is simply inapplicable where there is a valid testamentary disposition as a gift over and a legatee or devisee has predeceased the testator. An informative summary to this effect appears in 92 A.L.R. 857, supplemented in 63 A.L.R. 2d 1186.

In the New York case of In re Howes' Estate, (1962), 35 Misc.2d 109, 229 N.Y.S. 2d 469, the testator bequeathed general legacies to her four named sisters and provided that in case they should predecease her then other named beneficiaries would take. One of the sisters did predecease the testatrix. The issue arose between the heirs of the deceased sister and the named beneficiaries who were designated to take as a gift over. The Court there, speaking in a

state with an anti-lapse statute closely akin to Section 68, stated, "This statutory provision (the New York Anti-Lapse Statute) was enacted to avoid the lapse of bequests to certain near relatives of a testator and the purpose of the statute was to fulfill an unexpressed intention of the testator by providing a disposition of a legacy in circumstances where the testator's failure to provide a disposition could be regarded as an oversight on his part * * * The statute was not intended either to establish a public policy or to substitute a legislative intent for a testamentary intent and, accordingly, the statute is without application if it is evident from a will that the failure to provide for the passing of a legacy in conformity with the statute is not an oversight and the statutory disposition would not be in harmony with the testator's testamentary purpose." We therefore seek the testamentary purpose in the instant will, whether it be expressed or implied.

■ "A cardinal rule in construing a will is for the court to determine the intention of the testator. To this end resort may be made to the provisions of the will as a whole and the surrounding circumstances, rather than a particular or isolated provision, if the intention be not clearly expressed." Haile v. Holtzclaw, 414 S.W.2d 916 (Tex.Sup.1967). We initially believe that the testator's intention comes forth with considerable clarity in the provision itself. "In the event that my son, Rene Rossi, shall die before he has come into the whole of the bequest * * * then the undistributed part of my estate at the time of his death shall go to my daughters * * *." It is apparent that the testator intended a gift over to his daughters upon his son's death if such death occurred prior to the son's coming into the whole of his bequest. The testator chose such language without regard to whether the son outlived him (in which instance there would be no question but that a gift over was intended,

St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425) or whether he outlived his son (the instant case). The contention of the grandson that the testator intended a gift over to his daughters only in the instance that the son outlived the testator—and then only if the son died without coming into the whole of his bequest—finds no support in the language selected by the testator.

■ We next look to the four corners of the testator's will in seeking any other indication of testamentary purpose. In paragraph 3 of his will the testator provided that if either of his *daughters* should die before she came into the whole of her bequest then the undistributed portion at the time of her death should go to such daughter's children. This is quite different, in fact just the opposite, of the testamentary treatment directed by the testator for his *son's* child. From the testator's words we find no indication of intent that Rene's child should take and by the contrary treatment of his grandson the testator's intent that he be excluded from the will is made even more apparent. The intent that a gift over was intended by the testator becomes conclusive.

■ Appellant's second point of error is directed to the trial court's Conclusion of Law No. 2, that the court erred in its conclusion that the will spoke from the date of the testator's death. This contention has been previously determined to the contrary and must also be overruled. Willis v. Snodgrass, Tex.Civ.App., 302 S.W.2d 706, writ ref., n. r. e.

Appellant's remaining points of error have been carefully examined and we find them to be without merit. They are each overruled.

The judgment of the trial court is affirmed.