Joseph W. Cribb, S.
This decision involves the construction of the will of Mary G. Curtin, who died January 24, 1973, in the City of Canandaigua, New York, leaving a last will and testament, paragraphs second and third of which read as follows:
"second: I give, devise and bequeath my real property situate at 90 Chapin Street, Canandaigua, New York, to my sister KATHERINE G. SCHLOSS.
"third: All the rest, residue and remainder of my estate, both real and personal, and wheresoever situate, of which I may own at the time of my death, I give, devise and bequeath to my sister, katherine g. schloss, if she be living at the time of my death. In the event that my said sister, katherine g. schloss, shall predecease me, then I give, devise and bequeath all the rest, residue and remainder of my estate to my niece, sharon Margaret Gillespie, my nephew, JOHN schloss, my nephew, william schloss and my nephew, richard schloss, share and share alike. In the event that my said niece or any of my said nephews shall predecease me leaving issue, then the share of the one so dying is to be divided equally among his or her issue.”
The testatrix’s sister, Katherine G. Schloss, predeceased the testatrix having died after decedent’s will was executed, but prior to the death of the deceased, to wit, on October 30, 1959.
It is argued on behalf of Sharon Margaret Gillespie Henry, *943 that she should share in the proceeds of the sale of the real property situate at 90 Chapin Street, Canandaigua, New York, pursuant to said paragraph third of the will. On the other hand, John, William and Richard Schloss claim the proceeds of the said property pursuant to EPTL 3-3.3 (the New York Antilapse Statute) and the successor statute to former section 29 of the Decedent Estate Law. This section states that unless a will provides otherwise, a testamentary disposition made to issue, brother or sister, who predecease the testator and leave issue surviving, shall not lapse, but rather vests in the surviving issue per stirpes. This is effective "unless the will provides otherwise.” No alternative or substitutionary gift was provided for in relation to the devise under the second paragraph of testatrix’s will, but there was such provision in paragraph third of the will.
Decedent’s will now before this court is short in length, concise in language and accurate in legal terminology. Paragraph Second states in unequivocal and absolute terms that the decedent’s Canandaigua property be devised unconditionally to her sister.
Paragraph Third separately designates and bequeaths the residuary estate to her sister, "if she then be living”, and in the event her sister did not survive, a substitutionary bequest of the "rest, residue and remainder” of her estate was specifically made to her three nephews and one named niece.
The paragraphs are separate and the language of each is distinct and separable; the language of neither paragraph refers to the other. The intent of each is clear and direct. Where, as in this case, a will begins with an absolute bequest, in order to effect that bequest the latter part of the will must show an intention in terms as clear as the language of the bequest itself. (Matter of Getman, 30 AD2d 257, 260.) An absolute and unqualified bequest may not be diminished by subsequent provisions of a will unless the testamentary language unequivocally manifests such an intention. (Matter of Moore, 13 Misc 2d 640-642.)
The substitionary bequest of the residuary clause is limited in its application to the residuary bequest alone, and the Antilapse Statute should apply in this case.