Joseph A. Cox, S.
This proceeding has been instituted for a construction of article Fourth of the testator’s will wherein he provided a trust for the benefit of his widow. The pertinent text reads: “ Upon the death of my wife, or in the event she does not survive me, I direct my executors and trustees to distribute the principal of the trust fund hereinbefore created for her benefit together with ¿ny accumulation, to my children Evelyn Cole Burns and W. Harold Cole, in equal shares, share and share alike, per capita and not per stirpes.”
The life beneficiary of the trust is living, as is the remainder-man W. Harold Cole, but Evelyn Cole Burns survived her father and later died. The executors of the estate of the deceased daughter seek a determination that their testatrix was bequeathed a vested remainder interest in the trust.
The text under consideration leaves no doubt but that the testator intended to create vested remainders in the remainder-men who survived him. The disposition of the trust principal was to remaindermen nominatim without condition and without a gift over in the event of their deaths. A gift nominatim, of itself, creates a strong inference that an immediate vesting of *353 the estate was intended (Matter of Montgomery, 258 App. Div. 64, 65, affd. 282 N. Y. 713; Healy v. Empire Trust Co., 276 App. Div. 305, 309, affd. 301 N. Y. 620) and where there is a substitutionary gift to take effect upon the death of a named legatee, it normally is construed as relating to survivorship of the testator (Vanderzee v. Slingerland, 103 N. Y. 47; Matter of Evans, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571). Here, where a gift over is lacking, a finding that the daughter’s interest had been divested by her death would leave that interest undisposed of by the will and would require its distribution as intestate property, a result that is not to be regarded as within the testator’s contemplation.
It is held that upon the termination of the trust the half portion of the remainder bequeathed in the will to the testator’s daughter will be payable to the representative of her estate (Matter of Watson, 262 N. Y. 284; Matter of Seaman, 147 N. Y. 69; Matter of Bloomberg, 6 A D 2d 132).
Submit decree on notice construing the will.