S. Samuel Di Falco, S.
In this proceeding for the settlement of their intermediate account the trustees have requested a construction of article Eighteenth of decedent’s will. The pertinent portions of the article in question read as follows: “All the rest, residue and remainder of my estate * * * all of which is herein referred to as my residuary estate, I direct my executors and trustees to divide into three. (3) equal parts and to dispose of or to hold such parts as follows: (1) If, and only if, Emilienne Dault shall survive me, I give, devise and bequeath two (2) of such three (3) equal parts of my residuary estate to my trustees, and their successors and successor, in trust, nevertheless, to invest and keep invested said two (2) of such three (3) equal shares of my residuary estate, to collect and receive the income thereof * * * to pay the balance of said income to said Emilienne Dault for and during her life and upon the death of said Emilienne Dault to divide the principal of the trust fund into eight (8) equal shares and thereupon to transfer, assign and pay over such share, and I give, devise and bequeath *321 such eight (8) equal shares as follows; per stirpes and not per capita: two (2) of such eight (8) equal shares to my sister, Rosita Matza; one (1) of such eight (8) equal shares to each of my nieces ”. The question arises because although the income beneficiary and all the remaindermen survived the decedent, Rosita Matza, the decendent’s sister, died a resident of France in June, 1955 without issue. The trustees of the estate seek a determination as to whether the interest of the said Rosita Matza was a vested or contingent interest.
The language under consideration leaves no doubt but that the testator intended to create vested remainders in the remaindermen who survived him. The disposition of the trust principal after the death of the life beneficiary was to remainder-men nominatuim without condition and without a gift over in the event of their deaths. A gift nominatuim in and of itself always creates a strong inference that an immediate vesting of the estate was intended. (Matter of Montgomery, 258 App. Div. 64, 65, affd. 282 N. Y. 713; Healy v. Empire Trust Co., 276 App. Div. 305, 309, affd. 301 N. Y. 620; Matter of Cole, 17 Misc. 2d 352.) In the case at bar the only doubt as to the testator’s true intention arises because of his use of the words per stirpes and not per capita immediately following the words of gift. The trustees urge that the words were inadvertently used and should be disregarded as surplusage. The court can find no reason for disregarding these words. Their meaning and the intent of the testator is clear. If any of the named remaindermen died prior to the life beneficiary, their issue per stirpes would take the share of the deceased remaindermen. The language used by the testator created a vested remainder in the remaindermen subject to be divested on the failure of the remaindermen to survive the life beneficiary if, but only if, the remaindermen left surviving issue. As Rosita Matza died without issue the gift to her is complete and vested and as such is distributible to her personal estate representatives upon the termination of the trust. (Matter of Krooss, 302 N. Y. 424.)
The court directs that the attorneys for the trustees serve and file an affidavit of services in order to enable the court to fix their fees in the final decree to be entered herein.
Proceed accordingly.